Phillip W. JONES and Alma Daffern, Individually and on Behalf of the Estate of Nola E. Jones, Deceased, Appellants,

v.

Christus Health ARK–LA–TEX, d/b/a Christus St. Michael Health System, and Dubuis Hospital of Texarkana, Appellees.

No. 06–03–00162–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 9, 2004.

Decided July 27, 2004.

M. Mark Lesher, Lesher & Murry, Texarkana, for appellants.

R. Scott Fraley, Fraley & Fraley, LLP, Dallas, for Dubuis Hospital of Texarkana.

Troy A. Hornsby, Miller, James, Miller & Hornsby, LLP, Texarkana, for Christus Health Ark–La–Tex, d/b/a Christus St. Michael Health System, and Dubuis.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Phillip W. Jones and Alma Daffern, acting individually and on behalf of the estate of Nola E. Jones, deceased, appeal the trial court's dismissal of their lawsuit against Christus Health Ark–La–Tex, doing business as Christus St. Michael Health System, and Dubuis Hospital of Texarkana.

### Factual and Procedural Background

On February 6, 2003, the plaintiffs sued the hospitals for the alleged negligent treatment received by Nola Jones during her hospital stay from November 22, 2000, until her death January 18, 2001. The specific allegations were that the hospitals were negligent in providing "substandard air filtering system and unclean rodent[-]infested environment." Plaintiffs never filed an expert report. On September 11, 2003, Dubuis Hospital filed a motion to dismiss because the plaintiffs had not filed a medical expert report as required by TEX. CIV. STAT. ANN. art. 4590i,

§ 13.01(d) and (e).[1] Twelve days later, Christus St. Michael Health System filed a similar motion.

On October 17, 2003, the plaintiffs filed an amended petition. The amended petition abandoned the earlier claim of negligent health care delivery and recast the claim as premises liability with the identical allegations of a "substandard air filtering system and unclean rodent[-] infested environment" while Jones "was an invitee" of the hospitals. The trial court granted the hospitals' motions to dismiss in October 2003.

On appeal to this Court, the plaintiffs contend the trial court abused its discretion by dismissing their suit because the plaintiffs' cause of action was based on premises liability rather than medical negligence.

**Standard of Review**

 The Texas Legislature created the Texas Medical Liability and Insurance Improvement Act (MLIIA) "to curtail frivolous claims against physicians and other health care providers." *Gomez v. Matey*, 55 S.W.3d 732, 734 (Tex.App.-Corpus Christi 2001, no pet.). This Court recently discussed the requirements of a medical expert report under the MLIIA (former Article 4590i, § 13.01):

> TEX.REV.CIV. STAT. ANN. art 4590i, § 13.01(d) requires a plaintiff asserting a healthcare liability claim to submit an expert report, along with the expert's curriculum vitae, as to each physician or healthcare provider named as a defendant in the suit, no later than the 180th day after filing suit. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d). The Act describes an expert report as a writ-

ten report providing "a fair summary of the expert's opinions ... regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(r)(6).

*Jones v. Ark–La–Tex Visiting Nurses, Inc.*, 128 S.W.3d 393, 396 (Tex.App.-Texarkana 2004, no pet.). "If the claimant fails to comply with the [statutory] deadline, upon proper motion by the defendant, the trial court *is required* to enter sanctions that include dismissing the action with prejudice." *Gomez*, 55 S.W.3d at 734 (citing TEX.REV.CIV. STAT. ANN. art 4590i, § 13.01(e)(3)) (emphasis added). The requirements of Section 13.01 apply, however, only to "health care liability claims." *Id.*

 Dismissal of a cause of action under Article 4590i, Section 13.01 is treated as a sanction and is reviewed for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001). An abuse of discretion occurs when a trial court acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999). A trial court does not abuse its discretion simply because it may decide a matter within its discretion differently than an appellate court. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985). A trial court, however, has no discretion in determining what the law is or in applying

---

1. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01, Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985–87. This Act was repealed and recodified at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp.2004) (effective September 1, 2003). Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884. The case now before us was filed before the new Act's September 1, 2003, effective date.

the law to the facts. Thus, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. . . ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

" 'Health care' means any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provided for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." Tex.Rev.Civ. Stat. Ann. art. 4590i, § 1.03, Act of May 16, 1997, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2041, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884, *and recodified at* Tex. Civ. Prac. & Rem.Code Ann. § 74.001(a)(10) (Vernon Supp.2004). A "health care provider" is

> any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or an officer, employee, or agent thereof acting in the course and scope of his employment.

*Id., recodified at* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(12) (Vernon Supp. 2004). And the statutory term "health care liability claim" means

> a cause of action against a health care provider or physician for treatment, lack of treatment, *or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury or death* of the patient, whether the patient's claim or cause of action sounds in tort or contract.

*Id., recodified at* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (Vernon Supp. 2004) (emphasis added).

▮▮▮ A plaintiff must meet the requirements of Section 13.01 if "to success-fully prove the claim, the plaintiff must prove a breach of the applicable standard of care for health care providers." *Gomez*, 55 S.W.3d at 734–35. Whether a cause of action advances a health care liability claim is a question of law to be reviewed de novo on appeal. *Id.* at 735. Claims that physicians or health care providers were negligent may not be merely recast as other causes of action to avoid the medical expert report requirements. *MacGregor Med. Ass'n v. Campbell*, 985 S.W.2d 38, 40 (Tex.1998); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex.1994). If a plaintiff's cause of action is a health care liability claim, and if the trial court dismissed the case because the plaintiff failed to file an expert report within the statutory time period, then the trial court did not abuse its discretion by dismissing the case with prejudice. If, however, the plaintiff's claim is not one for health care liability, or if the trial court dismissed with the erroneous belief that the plaintiff had failed to file (or filed an inadequate) medical expert report, then we will find the trial court abused its discretion and reverse the judgment of dismissal. *See, e.g., Moore v. Sutherland*, 107 S.W.3d 786, 790 (Tex.App.-Texarkana 2003, pet. denied) (trial court erred in finding the expert's report was not a good faith attempt to comply with statutory requirements).

## Analysis

▮▮▮ The plaintiffs filed their original petition February 6, 2003, and did not amend that petition until more than eight months later. The plaintiffs never filed an expert report. Accordingly, to determine whether the MLIIA's requirement that a medical expert report be filed within 180 days of the lawsuit's commencement, we will look only to the petition(s) on file during that first 180 days of the suit's pendency. *See former* Tex.Rev.Civ. Stat.

ANN. art. 4590i, § 13.01(d) (repealed 2003) (plain language of the statute requires the report to be filed within 180 days of filing suit). In this case, the plaintiffs sued the hospitals because they

> *negligently treated* Nola E. Jones, Deceased, *while rendering health care* beginning on or about November 22, 2000. On this date, Nola E. Jones, Deceased, *entrusted her health care* to Defendants. Said *Defendants undertook to perform said health care and did so in a negligent manner.* Specifically, Nola Jones was admitted to Christus St. Michael on November 22, 2000, with a diagnosis of pneumonia and was treated and clinically became better and was then transferred to Dubuis Hospital on the 6th Floor of Christus St. Michael. Ms. Jones thereafter *was negligently treated and cared for by the nursing staff and other employees at Dubuis Hospital* for the reason that due to the substandard air filtering system and unclean rodent[-]infested environment, Nola Jones contracted cryptococcosis and aspergillosis, that being two rare fungal infections. Ms. Jones thereafter died on January 18, 2001[,] at Dubuis Hospital from complications suffered as a result of contracting these two rare fungal infections. . . .

(Emphasis added).

Reviewing the syntax of the plaintiffs' original petition, it is clear their claim was for negligent treatment by the hospitals. The petition discusses the hospitals "rendering health care" in a negligent fashion. The petition states Jones "entrusted her health care" to the hospitals, but "was negligently treated." And Jones died of "complications suffered as a result of contracting . . . two rare fungal infections."

The crux of the plaintiffs' claim would require them to establish Nola Jones was "negligently treated and cared for" by the hospitals and their employees, or that the hospitals "depart[ed] from accepted standards of medical care or health care or safety which proximately result[ed] in [Jones'] injury or death." *See former* TEX. CIV. PRAC. & REM.CODE ANN. art 4590i, § 1.03(a)(4) (repealed 2003). Such a cause of action clearly necessitates the plaintiffs first establishing the proper standard of care and treatment for persons in Nola Jones' condition, and thereafter requires the plaintiffs to show how the hospitals breached that standard. *Cf. Gomez*, 55 S.W.3d at 735 (plaintiff required to prove a deviation from the accepted standard of medical care to prove the case, regardless of the artful way she pled the cause of action). To prove either the accepted standard of care or a breach thereof, the plaintiffs would have to rely on expert medical testimony. Such testimony would further be necessary to explain why the hospitals had a duty to prevent the allegedly unsafe conditions that allowed Nola Jones to contract the two rare fungal infections. And claims that a breach of the hospitals' duties to provide safe health care environments are expressly included within the statutory definition of "health care liability claim." Accordingly, the plaintiffs' suit is properly characterized as one of health care liability.

When plaintiffs filed their health care liability suit, they had 180 days, unless extended, to file an expert report. No extension was requested or granted. After the lapse of 180 days, the plaintiffs had not filed the expert report. When the motions to dismiss were filed after the 180 days expired, no expert report was filed. The plaintiffs did not attempt to amend the petition during the 180–day period. The statute plainly states, "If a claimant has failed . . . to comply with Subsection (d) of this section [filing of the report or voluntary dismissal within the 180 days]

within the time required, the court shall ... enter an order awarding as sanctions ... (3) the dismissal of the action of the claimant against that defendant with prejudice...." TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e) (repealed 2003). Therefore, the motion to dismiss required the trial court to decide if the plaintiffs had filed an expert report "within the time required." Clearly, they had not.

The recasting of the pleadings after the 180 days expired does not operate to nullify the requirement imposed by this statute to dismiss the action.[2] Because the plaintiffs never filed a medical expert's report, the trial court, on the hospitals' motions, was required to dismiss the action with prejudice. We cannot say the trial court abused its discretion by dismissing the action in accordance with that statutory requirement.

We affirm the judgment of the trial court.

---

2. Arguably, as the hospitals allege, even the amended petition alleging a premises defect concerning substandard air filtering system and unclean rodent-infested environment is also a health care liability subject to the requirement of an expert report. As previously set out, health care liability claim is defined as "a cause of action against a health care provider ... for ... health care or *safety* which proximately results in injury or death." TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.03 (repealed 2003). However, due to our disposition of other issues, we need not address this question.