Lisa PARKER, Individually and on Behalf of Kristopher "Cody" Parker, Appellant,

v.

CCS/MEADOW PINES, INC., Appellee.

No. 06–04–00097–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 14, 2005.

Decided June 28, 2005.

Steven L. Rushing, Longview, for appellant.

Kenneth C. Stone, Amanda L. Hopkins, Gwinn & Roby, Dallas, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Kristopher "Cody" Parker, while a patient at Meadow Pines Hospital, a private mental health hospital in Longview, allegedly suffered injuries related to restraints used on him. After suit[1] and the passage of an appropriate time period,[2] the defendant Hospital moved for, and received, dismissal of the lawsuit because of Parker's failure to file an expert report under Section 74.351 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon 2005).

Parker's appeal asserts the trial court erred by dismissing Parker's lawsuit—based on an apparent finding that Parker alleged only "healthcare liability claims"—and also by awarding attorney's fees to the Hospital. We conclude (1) Parker's claims are "healthcare liability claims" as used in the statute—so the dismissal was proper—and (2) the attorney's fee award was proper. For that reason, we affirm the judgment of the trial court.

■ The trial court's decision to dismiss a case under Section 74.351(b) is reviewed for abuse of discretion. *Am. Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 875 (Tex.2001). An abuse of discretion occurs when a trial court acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Jones v. Christus Health Ark–La–Tex*, 141 S.W.3d 790, 792 (Tex.App.-Texarkana 2004, no pet.). A trial court does not abuse its discretion simply because it may decide a matter within its discretion differently than an appellate court. *Id.* A trial court, however, has no discretion in determining what the law is or in applying the law to the facts. *Id.* Thus, a "clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion...." *Id.*

■ If a plaintiff's cause of action is a healthcare liability claim, and if the plaintiff fails to file an expert report within the statutory time period, a trial court does not abuse its discretion by dismissing the case with prejudice. *Id.* If, however, the plaintiff's claim is not one for healthcare

---

**1.** Cody's mother, Lisa Parker, individually and on his behalf, sued CCS/Meadow Pines, Inc. We refer to plaintiff as Parker and CCS/Meadow Pines, Inc., as the Hospital.

**2.** Cody's alleged injuries occurred November 10, 2001. Parker filed suit November 10, 2003, but never filed an expert report. The Hospital filed its motion to dismiss May 12, 2004, and the trial court granted that motion June 9, 2004, delaying consideration of attorney's fees until later.

liability, or if the trial court dismissed in the erroneous belief that the plaintiff had failed to file an expert report, then the trial court abused its discretion, and the dismissal must be reversed. *Id.* Whether a cause of action advances a healthcare liability claim is a question of law to be reviewed de novo on appeal. *Jones*, 141 S.W.3d at 793.

*(1) Parker's Claims Are "Healthcare Liability Claims" as Used in the Statute*

■ Section 74.351(a) provides a healthcare liability claimant must file an expert report and curriculum vitae within 120 days after filing the claim. Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a). If a required expert report has not been served by the 120–day deadline, on proper motion by the defendant, the trial court is required to dismiss the action with prejudice and award reasonable attorney's fees and court costs incurred by the defendant. Tex. Civ. Prac. & Rem.Code Ann. § 74.351(b). Section 74.351(a) applies only to healthcare liability claims. *Jones*, 141 S.W.3d at 792.

> A healthcare liability claim is
> a cause of action against a health care provider or physician for treatment, lack of treatment, *or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death* of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem.Code Ann. § 74.001(a)(13) (Vernon 2005) (emphasis added).

Parker argues on appeal that, because the claims relate to nonmedical, administrative, ministerial, and routine care, which are within the knowledge of laypersons, expert testimony is not required. To support this argument, Parker cites three cases: *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex.1984); *St. Paul Med. Ctr. v. Cecil*, 842 S.W.2d 808, 812 (Tex.App.-Dallas 1992, no writ); and *Golden Villa Nursing Home v. Smith*, 674 S.W.2d 343, 349 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.). But *Morgan*, *Cecil*, and *Smith*, deal with expert testimony at trial, not pretrial expert reports required by Section 74.351(a). Therefore, we find those cases inapplicable.

■ To determine if Parker's claims are healthcare liability claims, we must examine the underlying nature of the claims. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex.1994); *Jones*, 141 S.W.3d at 793. We are not bound by Parker's characterization of the claims. *Buck v. Blum*, 130 S.W.3d 285, 291 (Tex. App.-Houston [14th Dist.] 2004, no pet.). Plaintiffs cannot use artful pleading to avoid the statutory requirements when the essence of the suit is a healthcare liability claim. *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex.2004) (negligent credentialling claim is healthcare liability claim). A cause of action is a healthcare liability claim if, to prove it, the claimant must establish an applicable standard of care for healthcare providers or if the act or omission complained of was "an inseparable part of the rendition of medical services." *Jones v. Khorsandi*, 148 S.W.3d 201, 206 (Tex.App.-Eastland 2004, pet. filed); *Buck*, 130 S.W.3d at 291; *Rubio v. Diversicare Gen. Partner, Inc.*, 82 S.W.3d 778 (Tex.App.-Corpus Christi 2002, pet. granted); *Bush v. Green Oaks Operator, Inc.*, 39 S.W.3d 669, 672 (Tex.App.-Dallas 2001, no pet.); *Williams v. Walker*, 995 S.W.2d 740, 741 (Tex.App.-Eastland 1999, no pet.).

Parker's petition alleges that Hospital employees improperly restrained Cody, failed to have sufficient staff, failed to properly train staff, violated Cody's rights as set out in the Patient's Bill of Rights, failed to abide by the Hospital's "own standards in the care and treatment" of Cody, failed to exercise "due care and caution" as to Cody, and failed to timely and appropriately treat Cody's injuries—all claims which are healthcare claims, because proving them would require establishment of the appropriate standards of care to be used when restraining or otherwise caring for mental patients. But Parker also alleged Hospital employees abused, neglected, or exploited Cody and then covered up or misrepresented those wrongs—claims we will refer to as Parker's "abuse" claims. The abuse claims bear additional scrutiny.

Even in a medical setting, claims of torts which are not inseparably part of healthcare services or of "safety or professional or administrative services directly related to health care" [3] are not healthcare liability claims. For example, unwanted sexual advances by a doctor produced claims that were not healthcare liability claims. *See Khorsandi*, 148 S.W.3d 201; *see also Buck*, 130 S.W.3d 285; *Rubio*, 82 S.W.3d 778; *Bush*, 39 S.W.3d 669.

If employees of the Hospital abused Cody in some way unrelated to his course of care or treatment, such as by assaulting him outside of efforts to care for or to restrain him for safety purposes, then claims for such acts would not be healthcare liability claims. But we have reviewed the petition and find, even with a liberal reading of the pleading, no allegations of any act committed by anyone who had turned aside from the Hospital's mission to care for and restrain Cody during his course of care. All of Parker's claims would require reference to the standards by which mental health institutions restrain patients. *See Jones*, 141 S.W.3d at 794. Accordingly, the entirety of Parker's suit is properly characterized as one claiming healthcare liability.

Because Parker never filed a medical expert report, the trial court, on the Hospital's motion, was required to dismiss the action with prejudice. *See id.*

### (2) The Attorney's Fee Award Was Proper

The trial court awarded the Hospital $9,000.00 in attorney's fees. Section 74.351(b)(1) provides that, if an expert report has not been served within the period specified, the trial court, on a proper motion, shall award attorney's fees and costs of court to the affected party. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b)(1). We find nothing in Section 74.351(b)(1) dictating the timing of a trial court's award of attorney's fees. Parker cites no authority to support the contention that the trial court deferring a finding on the Hospital's attorney's fees was improper,[4] nor did this Court find any authority to support Parker's argument. The trial court did not abuse its discretion by awarding attorney's fees in the manner it did.

We affirm the trial court's judgment.

---

3. TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13).

4. An issue on appeal can be waived for inadequate briefing. *See* TEX.R.APP. P. 38.1(h); *Santillan v. Nat'l Union Fire Ins. Co.*, 166 S.W.3d 823, No. 08–04–00101–CV, 2005 WL 1362709, at *2, 2005 Tex.App. LEXIS 4427, at *3–4 (Tex.App.-El Paso June 9, 2005, no pet.); *Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex.App.-Houston [1st Dist.] 2000, no pet.).