COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-450-CV

SHARAD JAIN, M.D. APPELLANT

V.

DOROTHY STAFFORD, AS   APPELLEE

REPRESENTATIVE OF THE ESTATE 

OF JACK STAFFORD, DECEASED 

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In four issues, Appellant Sharad Jain, M.D. (“Dr. Jain”) asserts that the trial court abused its discretion in denying Dr. Jain’s objections to an expert report submitted by Appellee Dorothy Stafford, as Representative of the Estate of Jack Stafford, Deceased, as well as Dr. Jain’s motion to dismiss.  We reverse and remand.

II.  Factual and Procedural Background

This is the case of the Interferon controversy.  Jack Stafford (“Jack”) sought treatment in September 2003 from Dr. Jain for management of his metastatic melanoma cancer.  Dr. Jain initiated Interferon chemotherapy for treatment of the cancer.  On October 22, 2003, Jack presented to the Emergency Department at Triad-Denton Hospital, L.P. d/b/a Denton Community Hospital (“Triad-Denton”) with complaints of agitation, confusion, and combativeness.  He was admitted to the hospital and was diagnosed with Interferon-related psychosis.  On or about October 26, 2003, Jack was sedated and transferred to the intensive care unit.  He was hospitalized from October 22, 2003 until November 25, 2003, and during his hospitalization, Jack developed pneumonia, stage I and stage II decubitus ulcers on his elbows and heels, and a pressure sore on his hip.  
Jack subsequently died in 2005.  

Stafford filed a healthcare liability action against Dr. Jain and Triad-Denton on December 13, 2005.  In her petition, Stafford alleged that Dr. Jain was negligent in his care and treatment of her deceased husband, Jack. Specifically, Stafford alleged that Dr. Jain (1) failed to adequately warn Stafford and Jack of the risks associated with the use of Interferon at the dosages he prescribed, (2) prescribed Interferon at dosages in excess of that recommended for Jack’s condition, (3) prescribed Interferon under circumstances in which the risks associated with treatment outweighed the likely benefits of the drug, (4) failed to promptly diagnose Interferon-related psychosis, (5) failed to adequately treat Interferon-related psychosis, and (6) sedated Jack instead of using restraints and other means to treat Jack’s combativeness and agitation.  Dr. Jain denied the allegations.

In support of her claim against Dr. Jain, and pursuant to section 74.351 of the Texas Civil Practice and Remedies Code, Stafford served on counsel for Dr. Jain by certified mail a letter report of Donald H. Marks, M.D. (“Dr. Marks”) and a letter report and curriculum vitae of J.A. Coffey, Jr., M.D. (“Dr. Coffey”).
(footnote: 2)  Nurse Berry’s report was filed on April 11, 2006; Dr. Marks’s report was filed on April 25, 2006; and Dr. Coffey’s report was filed on April 26, 2006.  On May 16, 2006, by certified mail, Dr. Jain objected pursuant to section 74.351 of the Texas Civil Practice and Remedies Code to the timeliness of service of both Dr. Coffey’s and Dr. Marks’s reports.  Dr. Jain also objected to the qualifications of Dr. Marks to render an opinion as to the standard of care applicable to him.  Dr. Jain also objected to the sufficiency of Dr. Coffey’s and Dr. Marks’s reports because, according to Dr. Jain, the letter reports did not set forth the threshold standard of care and did not set forth the causal link between the care provided by Dr. Jain and the alleged injuries suffered by Jack.  Stafford responded in part that Dr. Jain’s objections to the sufficiency of the reports were not timely.  Dr. Jain replied that under rule 21a of the Texas Rules of Civil Procedure (also known as the “mailbox rule”), service of his objections was timely and that under Texas law, Dr. Marks’s letter report and curriculum vitae must set forth his qualifications.  
See
 Tex. R. Civ. P.
 21a
.

The trial court held a hearing on Dr. Jain’s objections and motion to dismiss on June 22, 2006, during which the merits of the motion were argued.  At the hearing, Stafford’s counsel stipulated that the report of Dr. Coffey was not applicable to the care and treatment of Dr. Jain in this case and that, therefore, Dr. Jain’s objections to that report were moot.  The trial court then heard and denied Dr. Jain’s objections to Dr. Marks’s expert report and his motion to dismiss Stafford’s claims.
(footnote: 3)  This accelerated interlocutory appeal followed.

III.  Failure to Timely File Expert’s Report

In his first issue, Dr. Jain asserts that the trial court abused its discretion by denying Dr. Jain’s motion to dismiss because Dr. Marks’s report was not timely served as required by section 
74.351 of the Texas Civil Practice and Remedies Code.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 74.351 (Vernon Supp. 2006).

A.  Standard of Review

We review for an abuse of discretion a trial court’s decision concerning whether to dismiss a healthcare liability claim for failure to produce an expert report that provides a fair summary of the expert’s opinions.  
Bowie Mem’l Hosp. v. Wright
, 79 S.W.3d 48, 52 (Tex. 2002); 
Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios
, 46 S.W.3d 873, 878 (Tex. 2001).  A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles.
  Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  A trial court has no discretion in determining what the law is or in applying the law to the facts.  
Parker v. CCS/Meadow Pines, Inc.
, 166 S.W.3d 509, 511 (Tex. App.—Texarkana 2005, no pet.).  Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion.  
Id.

The following provisions from section 74.351 of the Texas Civil Practice and Remedies Code are applicable to Dr. Jain’s issues on appeal:

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party’s attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.  The date for serving the report may be extended by written agreement of the affected parties.  Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

. . . . 

(i) Notwithstanding any other provision of this section, a claimant may satisfy any requirement of this section for serving an expert report by serving reports of separate experts regarding different physicians or health care providers or regarding different issues arising from the conduct of a physician or health care provider, such as issues of liability and causation. . . .

. . . . 

(l) A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).

. . . . 

(r) In this section:

. . . .

(6) “Expert Report” means a written report by an expert that provides a fair summary of the expert’s opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the casual relationship between that failure and the injury, harm, or damages claimed.

Tex. Civ. Prac. & Rem. Code
 
Ann. 
§ 74.351(a), (i), (l), (r)(6).

B.  Analysis

Stafford initially takes the position that any objection to her expert reports was waived because any objection to Nurse Berry’s report was due May 2, 2006, and Dr. Jain’s objections were not filed until some two weeks later.  Implicit in this argument is her assertion that Nurse Berry’s report was an expert report as to Dr. Jain.  An examination of the report, however, shows that Nurse Berry’s report is not a report as to Dr. Jain at all.  Nurse Berry’s report expressly states, “I have been asked by your office to review the care and treatment rendered by the nursing staff . . . . [U]pon review of the above-mentioned documents, it is my professional opinion that the nursing care rendered to Mr. Jack Stafford . . . fell below the standard of care.”  Nurse Berry’s report offers no opinions concerning Dr. Jain’s conduct.

Stafford nonetheless argues that Nurse Berry’s report is merely deficient and that the trial court implicitly granted a thirty-day extension to file a proper report because the report constituted a good faith effort to comply with the requirements of an expert report.  We disagree.  No such request was made of the court, and a review of Nurse Berry’s report reveals that the report is not merely deficient as to Dr. Jain but in fact constitutes no report at all as to him.  We also note that
 
section 74.351(a) requires that an expert report be provided for “
each
 physician or healthcare provider against whom a liability claim is asserted.”  
Id
. § 74.351(a) (emphasis added).  We reject Stafford’s further argument that a report as to one physician satisfies the statutory requirement as to all physicians or healthcare providers.

Our holdings in this regard mean that the twenty-one day requirement for objections from Dr. Jain was not triggered by the filing of Nurse Berry’s report because that report was not an “expert report” as to Dr. Jain.

Stafford next argues that in the alternative, Dr. Marks’s expert report, served on April 25, 2006, was an expert report as to Dr. Jain and that Dr. Jain failed to timely file objections to this report; hence, any objection to the timeliness of the report was waived.  Stafford states that the deadline for Dr. Jain to file and serve his objections to Dr. Marks’s report was May 16, 2006, but while the objections were served on May 16, they were not filed until May 18, so the objections were waived.  In this regard, she takes the position that rule 21a of the Texas Rules of Civil Procedure, regarding the three-day grace period, is inapplicable because the rule applies only to deadlines covered by the rules of civil procedure and not to the Texas Civil Practice and Remedies Code.  We disagree and agree with our sister courts that have held that rule 21a also applies to the statutory requirements contained in the Texas Civil Practice and Remedies Code for medical malpractice cases.  
See Herrera v. Seton Nw. Hosp
., 212 S.W.3d 452, 459 (Tex. App.—Austin 2006, no pet.).  

Therefore, because Dr. Marks’s report was served by certified mail, application of rule 21a of the Texas Rules of Civil Procedure allows twenty- four days, or until May 19, 2006, to file and serve objections to the report, which was done by mailing and application of rule 5 of the Texas Rules of Civil Procedure.  We hold that the trial court abused its discretion in not granting the motion to dismiss as required by section 74 of the Texas Civil Practice and Remedies Code and sustain Dr. Jain’s first issue.

IV.  Conclusion

Having sustained Dr. Jain’s first issue, it is unnecessary to reach his second through fourth issues.  Dr. Jain’s motion to dismiss contained a requested statutory award of attorney’s fees, so we reverse and remand this case to the trial court for entry of a judgment dismissing Stafford’s claims and consideration of the remaining attorney’s fees issue. 

BOB MCCOY

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

LIVINGSTON, J. concurs without opinion.

DELIVERED: May 24, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Stafford also filed the report of Victoria Berry, R.N. (“Nurse Berry”) regarding the care and treatment of Dr. Jain’s co-defendant, Triad-Denton.  Nurse Berry’s report does not address the claims against Dr. Jain.  It is axiomatic that, generally, nurses are not qualified to speak to the standard of care for a physician.  
See 
Tex. Civ. Prac. & Rem. Code Ann.§ 
74.401(a) (Vernon 2005).

3:
The court determined that the objections to Dr. Coffey’s report were moot.