COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-450-CV

 

 

SHARAD JAIN, M.D.                                                            APPELLANT

 

                                                   V.

 

DOROTHY
STAFFORD, AS                                                       APPELLEE

REPRESENTATIVE OF THE ESTATE 

OF JACK STAFFORD,
DECEASED                                                           

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








In four issues, Appellant
Sharad Jain, M.D. (ADr. Jain@) asserts that the trial court abused its discretion in denying Dr.
Jain=s objections to an expert report submitted by Appellee Dorothy
Stafford, as Representative of the Estate of Jack Stafford, Deceased, as well
as Dr. Jain=s motion to
dismiss.  We reverse and remand.

II.  Factual and Procedural Background

This is the case of the
Interferon controversy.  Jack Stafford (AJack@) sought
treatment in September 2003 from Dr. Jain for management of his metastatic
melanoma cancer.  Dr. Jain initiated
Interferon chemotherapy for treatment of the cancer.  On October 22, 2003, Jack presented to the
Emergency Department at Triad-Denton Hospital, L.P. d/b/a Denton Community
Hospital (ATriad-Denton@) with complaints of agitation, confusion, and combativeness.  He was admitted to the hospital and was
diagnosed with Interferon-related psychosis. 
On or about October 26, 2003, Jack was sedated and transferred to the
intensive care unit.  He was hospitalized
from October 22, 2003 until November 25, 2003, and during his hospitalization,
Jack developed pneumonia, stage I and stage II decubitus ulcers on his elbows
and heels, and a pressure sore on his hip. 
Jack subsequently died in 2005.  








Stafford filed a healthcare
liability action against Dr. Jain and Triad-Denton on December 13, 2005.  In her petition, Stafford alleged that Dr.
Jain was negligent in his care and treatment of her deceased husband, Jack.
Specifically, Stafford alleged that Dr. Jain (1) failed to adequately warn
Stafford and Jack of the risks associated with the use of Interferon at the
dosages he prescribed, (2) prescribed Interferon at dosages in excess of that
recommended for Jack=s condition,
(3) prescribed Interferon under circumstances in which the risks associated
with treatment outweighed the likely benefits of the drug, (4) failed to
promptly diagnose Interferon-related psychosis, (5) failed to adequately treat
Interferon-related psychosis, and (6) sedated Jack instead of using restraints
and other means to treat Jack=s combativeness and agitation. 
Dr. Jain denied the allegations.








In support of her claim
against Dr. Jain, and pursuant to section 74.351 of the Texas Civil Practice
and Remedies Code, Stafford served on counsel for Dr. Jain by certified mail a
letter report of Donald H. Marks, M.D. (ADr. Marks@) and a
letter report and curriculum vitae of J.A. Coffey, Jr., M.D. (ADr. Coffey@).[2]  Nurse Berry=s report was filed on April 11, 2006; Dr. Marks=s report was filed on April 25, 2006; and Dr. Coffey=s report was filed on April 26, 2006. 
On May 16, 2006, by certified mail, Dr. Jain objected pursuant to
section 74.351 of the Texas Civil Practice and Remedies Code to the timeliness
of service of both Dr. Coffey=s and Dr. Marks=s
reports.  Dr. Jain also objected to the
qualifications of Dr. Marks to render an opinion as to the standard of care
applicable to him.  Dr. Jain also
objected to the sufficiency of Dr. Coffey=s and Dr. Marks=s reports
because, according to Dr. Jain, the letter reports did not set forth the
threshold standard of care and did not set forth the causal link between the
care provided by Dr. Jain and the alleged injuries suffered by Jack.  Stafford responded in part that Dr. Jain=s objections to the sufficiency of the reports were not timely.  Dr. Jain replied that under rule 21a of the
Texas Rules of Civil Procedure (also known as the Amailbox rule@), service
of his objections was timely and that under Texas law, Dr. Marks=s letter report and curriculum vitae must set forth his
qualifications.  See Tex. R. Civ. P. 21a.

The trial court held a
hearing on Dr. Jain=s objections
and motion to dismiss on June 22, 2006, during which the merits of the motion
were argued.  At the hearing, Stafford=s counsel stipulated that the report of Dr. Coffey was not applicable
to the care and treatment of Dr. Jain in this case and that, therefore, Dr.
Jain=s objections to that report were moot. 
The trial court then heard and denied Dr. Jain=s objections to Dr. Marks=s expert report and his motion to dismiss Stafford=s claims.[3]  This accelerated interlocutory appeal
followed.

III.  Failure to Timely File Expert=s Report








In his first issue, Dr. Jain
asserts that the trial court abused its discretion by denying Dr. Jain=s motion to dismiss because Dr. Marks=s report was not timely served as required by section 74.351 of the
Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 74.351 (Vernon Supp. 2006).

A.  Standard of Review

We review for an abuse of
discretion a trial court=s decision
concerning whether to dismiss a healthcare liability claim for failure to
produce an expert report that provides a fair summary of the expert=s opinions.  Bowie Mem=l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex.
2002); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d
873, 878 (Tex. 2001).  A trial court
abuses its discretion if it acts in an arbitrary or unreasonable manner without
reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).  A trial court has no discretion in determining
what the law is or in applying the law to the facts.  Parker v. CCS/Meadow Pines, Inc., 166
S.W.3d 509, 511 (Tex. App.CTexarkana 2005, no pet.).  Thus,
a clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion.  Id.








The following provisions from
section 74.351 of the Texas Civil Practice and Remedies Code are applicable to
Dr. Jain=s issues on appeal:

(a)
In a health care liability claim, a claimant shall, not later than the 120th
day after the date the original petition was filed, serve on each party or the
party=s
attorney one or more expert reports, with a curriculum vitae of each expert
listed in the report for each physician or health care provider against whom a
liability claim is asserted.  The date
for serving the report may be extended by written agreement of the affected
parties.  Each defendant physician or
health care provider whose conduct is implicated in a report must file and
serve any objection to the sufficiency of the report not later than the 21st
day after the date it was served, failing which all objections are waived.

 

. . . . 

 

(i)
Notwithstanding any other provision of this section, a claimant may satisfy any
requirement of this section for serving an expert report by serving reports of
separate experts regarding different physicians or health care providers or
regarding different issues arising from the conduct of a physician or health
care provider, such as issues of liability and causation. . . .

 

. . . . 

 

(l) A
court shall grant a motion challenging the adequacy of an expert report only if
it appears to the court, after hearing, that the report does not represent an
objective good faith effort to comply with the definition of an expert report
in Subsection (r)(6).

 

. . . . 

 

(r) In this section:

 

. . . .

 








(6) AExpert
Report@
means a written report by an expert that provides a fair summary of the expert=s
opinions as of the date of the report regarding applicable standards of care,
the manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the casual relationship between that failure
and the injury, harm, or damages claimed.

 

Tex. Civ. Prac. &
Rem. Code Ann.
' 74.351(a), (i), (l), (r)(6).

 

B.  Analysis

Stafford initially takes the
position that any objection to her expert reports was waived because any
objection to Nurse Berry=s report was
due May 2, 2006, and Dr. Jain=s objections were not filed until some two weeks later.  Implicit in this argument is her assertion
that Nurse Berry=s report was
an expert report as to Dr. Jain.  An
examination of the report, however, shows that Nurse Berry=s report is not a report as to Dr. Jain at all.  Nurse Berry=s report expressly states, AI have been asked by your office to review the care and treatment
rendered by the nursing staff . . . . [U]pon review of the above-mentioned
documents, it is my professional opinion that the nursing care rendered to Mr.
Jack Stafford . . . fell below the standard of care.@  Nurse Berry=s report offers no opinions concerning Dr. Jain=s conduct.








Stafford nonetheless argues
that Nurse Berry=s report is
merely deficient and that the trial court implicitly granted a thirty-day
extension to file a proper report because the report constituted a good faith
effort to comply with the requirements of an expert report.  We disagree. 
No such request was made of the court, and a review of Nurse Berry=s report reveals that the report is not merely deficient as to Dr.
Jain but in fact constitutes no report at all as to him.  We also note that section 74.351(a) requires that an expert report be provided
for Aeach physician or healthcare
provider against whom a liability claim is asserted.@  Id. ' 74.351(a) (emphasis added).  We
reject Stafford=s further
argument that a report as to one physician satisfies the statutory requirement
as to all physicians or healthcare providers.

Our holdings in this regard
mean that the twenty-one day requirement for objections from Dr. Jain was not
triggered by the filing of Nurse Berry=s report because that report was not an Aexpert report@ as to Dr.
Jain.








Stafford next argues that in
the alternative, Dr. Marks=s expert report, served on April 25, 2006, was an expert report as to
Dr. Jain and that Dr. Jain failed to timely file objections to this report;
hence, any objection to the timeliness of the report was waived.  Stafford states that the deadline for Dr.
Jain to file and serve his objections to Dr. Marks=s report was May 16, 2006, but while the objections were served on May
16, they were not filed until May 18, so the objections were waived.  In this regard, she takes the position that
rule 21a of the Texas Rules of Civil Procedure, regarding the three-day grace
period, is inapplicable because the rule applies only to deadlines covered by
the rules of civil procedure and not to the Texas Civil Practice and Remedies
Code.  We disagree and agree with our
sister courts that have held that rule 21a also applies to the statutory
requirements contained in the Texas Civil Practice and Remedies Code for
medical malpractice cases.  See
Herrera v. Seton Nw. Hosp., 212 S.W.3d 452, 459 (Tex. App.CAustin 2006, no pet.).  

Therefore, because Dr. Marks=s report was served by certified mail, application of rule 21a of the
Texas Rules of Civil Procedure allows twenty- four days, or until May 19, 2006,
to file and serve objections to the report, which was done by mailing and
application of rule 5 of the Texas Rules of Civil Procedure.  We hold that the trial court abused its
discretion in not granting the motion to dismiss as required by section 74 of the
Texas Civil Practice and Remedies Code and sustain Dr. Jain=s first issue.

IV.  Conclusion

Having sustained Dr. Jain=s first issue, it is unnecessary to reach his second through fourth
issues.  Dr. Jain=s motion to dismiss contained a requested statutory award of attorney=s fees, so we reverse and remand this case to the trial court for
entry of a judgment dismissing Stafford=s claims and consideration of the remaining attorney=s fees issue. 

 

 

 

 








BOB MCCOY

JUSTICE

 

PANEL B:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

LIVINGSTON,
J. concurs without opinion.

 

DELIVERED:
May 24, 2007

 

 











[1]See Tex. R. App. P. 47.4.





[2]Stafford also filed the report of
Victoria Berry, R.N. (ANurse Berry@) regarding the care and treatment
of Dr. Jain=s co-defendant, Triad-Denton.  Nurse Berry=s report does not address the
claims against Dr. Jain.  It is axiomatic
that, generally, nurses are not qualified to speak to the standard of care for
a physician.  See Tex. Civ. Prac. & Rem. Code Ann.' 74.401(a) (Vernon 2005).





[3]The court determined that the
objections to Dr. Coffey=s report were moot.