In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00073-CV


______________________________




IN RE:


RICKY LAMAR YOUNG






 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Ricky Lamar Young, who is currently incarcerated in federal prison, has filed a pro se
petition for writ of mandamus which appears to name the Honorable Terry D. Bailey, presiding judge
of the Panola County Court at Law, as respondent. Young claims he had filed, on or about April 9,
2005, a motion complying with the Interstate Agreement on Detainers Act requesting that the
charges pending against him in the Panola County Court at Law be set for trial within 180 days. See
Tex. Code Crim. Proc. Ann. art. 51.14 (Vernon 2006). According to Young, he also filed, on or
about October 16, 2005, a motion to dismiss the pending charges under the Interstate Agreement on
Detainers Act. See Tex. Code Crim. Proc. Ann. art 51.14, Art. III. Young's petition for writ of
mandamus asks this Court to direct the trial court to rule on his pending motions. 

 In our disposition of Young's petition, it is not necessary for us to review whether Young's
motion complied with the Interstate Agreement on Detainers Act or whether the trial court clearly
abused its discretion in failing to perform a ministerial act. In its response to Young's petition, the
real party in interest--the Panola County District Attorney--has submitted an order dismissing the 





underlying charges against Young. In light of the trial court's dismissal, we dismiss Young's petition
for writ of mandamus as moot.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 26, 2007

Date Decided: June 27, 2007



 center; margin-left: 0.5in; margin-right: 0.5in">RUSSELL M. DAVIS, Appellant
 
V.
 
AHIA SHABAAZ & P. BARRON, R.N., Appellees


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03C1868-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Russell M. Davis, an inmate at the Telford Unit within the Texas Department of Criminal
Justice—Institutional Division (TDCJ-ID), suffered a broken ankle August 4, 2003. On November
24, 2003, Davis filed suit against Ahia Shabaaz (the Director of Clinical Services for the TDCJ) and
P. Barron, R.N. (the nurse who allegedly treated Davis following his injury) for alleged medical
malpractice in the treatment of his injuries.


 
            On June 16, 2004, the defendants filed a motion to dismiss Davis' lawsuit, contending
dismissal was required because Davis had failed to file a medical expert report within 120 days of
filing his lawsuit. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2004–2005)
(claimant in healthcare liability case must file expert report within 120 days after commencement
of suit). Two days later, the trial court granted the defendants' motion. However, on July 14, 2004,
the trial court signed a document that appears to be a form scheduling order. The scheduling order
set forth specific dates for trial, pretrial, and final conference. The order also set final deadlines for
the adding of parties, amendment of pleadings, designating expert and fact witnesses, filing summary
judgment motions, and the completion of discovery and mediation. The court's order did not
reference, nor did it explicitly withdraw, the prior order of dismissal. Davis filed his notice of appeal
with the trial court August 25, 2004. 
            On appeal, Davis contends the trial court's July 14 scheduling order acted to withdraw the
court's previous order of dismissal. We disagree. The scheduling order did not discuss, reference,
or otherwise directly (or impliedly) withdraw the trial court's prior order of dismissal. While it is
true that a trial court generally retains plenary jurisdiction to reconsider any dispositive motion for
thirty days from the date of judgment, see Tex. R. Civ. P. 329b(d), nothing in the record before us
indicates the trial court intended to "vacate, modify, correct, or reform" its prior judgment of
dismissal merely by signing a scheduling order for the case. Furthermore, we believe that, for an
order of dismissal to be withdrawn, corrected, or modified, the trial court must have taken some
affirmative step that clearly indicates the court's intent to effect a change of its prior disposition. 
Such changes are commonly effected by entering either a new judgment, a new order that formally
withdraws the prior order of dismissal, or granting a new trial. A scheduling order as envisioned by
the Texas Rules of Civil Procedure is used in connection with a pretrial conference and to establish
discovery control plans. See Tex. R. Civ. P. 166(c), 190.4. Since this scheduling order contains no
language setting aside, modifying, or even acknowledging the order of dismissal, we conclude that
it was unnecessarily issued as a routine order to control pretrial matters and had no legal effect as
to the dismissal order. Accordingly, we overrule Davis' sole point of error.
            Moreover, the trial court properly dismissed Davis' lawsuit pursuant to Section 74.351 of the
Texas Civil Practice and Remedies Code. That law provides:
If, as to a defendant physician or health care provider, an expert report has not been
served within the period specified by Subsection (a), the court, on the motion of the
affected physician or health care provider, shall, subject to Subsection (c), enter an
order that:
(1) awards to the affected physician or health care provider reasonable
attorney's fees and costs of court incurred by the physician or health care provider;
and
(2) dismisses the claim with respect to the physician or health care provider,
with prejudice to the refiling of the claim.
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (Vernon Supp. 2004–2005) (emphasis added). 
Davis' suit is for damages resulting from alleged medical malpractice. Davis did not file a medical
expert report within 120 days from the date on which he filed his plaintiff's original petition, nor did
he seek an extension of time to file the report. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c)
(Vernon Supp. 2004–2005). Because Davis did not file the required expert report, the trial court
correctly dismissed Davis' lawsuit. See Jones v. Ark-La-Tex, 141 S.W.3d 790, 793 (Tex.
App.—Texarkana 2004, no pet.) (trial court does not err by dismissing suit with prejudice when
plaintiff fails to file required expert report). 
            For the reasons stated, we affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          March 31, 2005
Date Decided:             April 6, 2005