In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00096-CV


______________________________




CHARLES PARKER, D.D.S., AND


MARSHALL DENTURE CLINIC, Appellants


V.



EDITH SIMMONS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 05-1104




 



Before Morriss, C.J., Carter and Cornelius,* JJ.


Opinion by Justice Cornelius





________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 This is an interlocutory appeal of the denial of a motion to dismiss for failure to serve an
expert report in a health care liability claim (HCLC). (1) 

 Edith Simmons was dissatisfied with the "snap-on" dentures Charles Parker, D.D.S.,
provided. The dentures caused Simmons pain, rubbed and gouged her periodontal area, split and tore
the corners of her mouth, and caused blisters. Simmons sued Parker and Marshall Denture Clinic
(collectively Parker), alleging breach of contract and deceptive trade practices. (2) Parker contended
the claims were for medical malpractice, and he filed a motion to dismiss Simmons' suit because she
failed to serve the expert report required in HCLC actions. The trial court denied Parker's motion
to dismiss, and Parker appeals. 

 Parker raises one issue: Whether the trial court erred in refusing to dismiss the suit for failure
to serve an expert report. We conclude that Simmons' suit constitutes a HCLC, and therefore, the
trial court did err in failing to dismiss Simmons' suit.

 The factual allegations are essentially the same in each of Simmons' three petitions and in
the affidavit supporting her response to Parker's motion to dismiss. Simmons alleged that she saw
a television advertisement by Parker that made false claims and promises, e.g., that Parker could
provide "a better denture" in "snap-on" dentures; that she would be properly fitted with the dentures;
and that she was a reasonable candidate for such dentures. Simmons further alleged that she relied
on the advertised representations, and went through eight fittings for the "snap-on" dentures,
although she was led to believe it would only require four or five visits. She also alleged that she
eventually got a second opinion from another dentist who told her that she was not a good candidate
for the "snap-on" dentures and that the dentures she received were ill-fitting and improper. Simmons
also alleged that Parker refused to refund her money after it became apparent that he would not in
fact meet the promises he made.

 Based on these pleaded facts, Simmons claimed Parker represented that the agreement
conferred or involved rights, remedies, or obligations it did not, that he failed to disclose known
information, and that he engaged in an unconscionable course of conduct in inducing her to enter
into the transaction.

 We review a trial court's refusal to dismiss an action for failure to file a HCLC expert report
for an abuse of discretion. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877
(Tex. 2001); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex. 1985). A trial court
does not have discretion to determine what the law is, which law governs, or how to apply the law. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Thus, whether a cause of action constitutes
a HCLC is a question of law to be reviewed de novo by the appellate court. Parker v. CCS/Meadow
Pines, Inc., 166 S.W.3d 509, 512 (Tex. App.--Texarkana 2005, no pet.); see also Lee v. Boothe, 235
S.W.3d 448, 451 (Tex. App.--Dallas 2007, pet. filed); Boothe v. Dixon, 180 S.W.3d 915, 919 (Tex.
App.--Dallas 2005, no pet.).

 In a HCLC, a claimant must serve an expert report and curriculum vitae on each physician
or provider against whom liability is asserted. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). 
Should a claimant fail to timely file the required report, and on proper motion by the defendant, the
trial court shall award costs and fees to that defendant and dismiss the claim with respect to that
defendant. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). The dismissal is mandatory. 
Thoyakulathu v. Brennan, 192 S.W.3d 849, 853 (Tex. App.--Texarkana 2006, no pet.).

 Simmons concedes she did not serve an expert report as required under Section 74.351. She
contends, instead, that because her action is not a HCLC, she is not required to serve the expert
report. See Parker v. CCS/Meadow Pines, Inc., 166 S.W.3d at 512.

 A HCLC is "a cause of action against a health care provider . . . for treatment, lack of
treatment, or other claimed departure from accepted standards of . . . health care . . . which
proximately results in injury to . . . a claimant, whether the claimant's claim or cause of action sounds
in tort or contract." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13). "Health care" is "any act
or treatment performed or furnished, or that should have been performed or furnished, by any health
care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or
confinement." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(10) (Vernon 2005). A "health care
provider" includes a dentist. Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(12)(A)(ii) (Vernon
2005).

 A claimant cannot recast a HCLC as another kind of cause of action and thereby avoid the
requirements applicable to HCLCs. Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 851
(Tex. 2005); Murphy v. Russell, 167 S.W.3d 835, 838 (Tex. 2005); see also Garland Cmty. Hosp.
v. Rose, 156 S.W.3d 541, 544 (Tex. 2004). To determine whether a cause of action is a HCLC, we
examine the underlying nature of the claim, and are not bound by the form of the pleading. 
Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d at 847. We look to the nature of Simmons'
DTPA claims to determine if the acts or omissions alleged in the petition are an inseparable part of
the rendition of health care services, or if they are based on a breach of a standard of care applicable
to health care providers. Boothe v. Dixon, 180 S.W.3d at 919. When a complaint focuses on the
quality of the doctor's treatment, it is inextricably intertwined with medical treatment and the
provision of health care. Garland Cmty. Hosp. v. Rose, 156 S.W.3d at 546. The necessity of expert
testimony from a health care professional to prove a claim may be an important factor in determining
whether a cause of action is an inseparable part of the rendition of medical or health care services. 
Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d at 848.

 Examining the underlying nature of Simmons' claims, all of the alleged acts are inextricably
intertwined with the rendition of health care services, e.g., a promise to provide a better denture; a
promise to properly fit the dentures; a representation of appropriate candidacy or failure to disclose
indications of inappropriate candidacy for the procedure; eight fittings instead of a represented four
or five; and a refusal to refund advance payments for the services.

 The Texas Supreme Court has twice analyzed strikingly similar allegations of a dentist's
wrongdoings under the DTPA and found, in both cases, that the claims were HCLCs. Gormley v.
Stover, 907 S.W.2d 448, 450 (Tex. 1995); Walden v. Jeffery, 907 S.W.2d 446, 448 (Tex. 1995). In
Gormley v. Stover, the patient brought a DTPA claim for her dentist's alleged misrepresentations,
among others, that a skin graft procedure would be preferable to a bone graft procedure, that the
dentures would fit well, and that the patient would have no problem with her dentures. The dentist
sought summary judgment on the basis that the claims were HCLCs barred by the shorter statute of
limitations applicable to HCLCs. The court determined that the dentist's alleged representations all
had to do with whether the dentist's selection of the procedure and his performance of it met the
standard of care for dentists in those circumstances. The court held that the patient's allegations were
nothing more than an attempt to recast a malpractice action as a DTPA action. Simmons' claims in
this case are essentially indistinguishable from those held to be HCLCs in Gormley v. Stover. 

 In Walden v. Jeffery, decided the same day as Gormley v. Stover, the court analyzed whether
a suit over ill-fitting dentures, characterized by the patient as a DTPA claim for knowing
misrepresentation to provide dentures that fit, was actually a medical negligence claim. Walden v.
Jeffery, 907 S.W.2d at 447-48. The court distinguished the promise of properly fitting dentures in
Walden v. Jeffery from the express warranty of a particular result in Sorokolit v. Rhodes, (3) and held
that "the allegation that Walden provided ill-fitting dentures cannot be anything other than that he
was negligent. Jeffery has simply recast her negligence claim as a DTPA claim." Walden v. Jeffery,
907 S.W.2d at 447-48. The court held that a complaint against a dentist for supplying ill-fitting
dentures is a claim "for negligence in the rendition of services." Id. at 448. Moreover, the court held
that the provision of dentures by a dentist acting in his professional capacity as a dentist is an
inseparable part of the rendition of medical services. Simmons' claim that Parker represented that
the "snap-on" dentures would be properly fitted is essentially indistinguishable from that found to
be a HCLC in Walden v. Jeffery.

 In its most recent case analyzing what constitutes a HCLC, the Texas Supreme Court
explained its earlier holdings that the provision of dentures is "inseparable from health care provided
to the patient as part of the provision of professional dental services." Diversicare Gen. Partner, Inc.
v. Rubio, 185 S.W.3d at 848. In other words, a claim because of ill-fitting dentures is a HCLC even
though the patient presents it as one for breach of warranty, breach of contract, or DTPA violations.

 With even a liberal reading of Simmons' pleadings, all of her claims stem from, relate to, and
require proof of, the standard of dental care provided by Parker. Parker v. CCS/Meadow Pines, Inc.,
166 S.W.3d at 513. Simmons' claim is ultimately that, through lapses in Parker's professional
judgment and treatment, she suffered injury. Cf. Diversicare Gen. Partner, Inc. v. Rubio, 185
S.W.3d at 851.

 Even candidacy for a particular dental procedure is inextricably intertwined with medical
treatment. See Boothe v. Dixon, 180 S.W.3d at 920. Simmons' claims are based on the
appropriateness of the chosen procedure and the health care provider's execution of that procedure. 
Expertise in the health care field is required to determine the appropriate candidacy, desirability, and
proper fit of particular dentures. See Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d at 851.

 Even the breach of the alleged guarantee of a refund is necessarily premised on an allegation
of Parker's breach of the standard of care. Simmons makes no allegation of an express warranty of
a particular result, only that the dentures would be "better" and would fit properly. Both implicate
the standard of care. The Texas Supreme Court has, since it decided Sorokolit v. Rhodes, limited
the availability of non-HCLC DTPA actions to the specific warranty of a particular result.  See
Walden v. Jeffery, 907 S.W.2d at 447-48. Any representation in an advertisement or guarantee that
relates to health care is attributable to and depends on the standard of care. Cf. Gormley v. Stover,
907 S.W.2d at 450. Simmons alleges no representations or guarantees beyond those relating to the
standard of care for dental services.

 In sum, the acts and omissions alleged in Simmons' petition are an inseparable part of the
rendition of health care services and are based on a breach of a standard of care applicable to a health
care provider. Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13).

 Simmons argues that her cause of action is based solely on misrepresentations and is
therefore cognizable under the DTPA and does not constitute a HCLC. We reject this proposition. 
The Texas Supreme Court has clearly held that, if the alleged representations relate to health care
services, a cause of action based on the breach of those representations is a HCLC. Murphy v.
Russell, 167 S.W.3d 835; Gormley v. Stover, 907 S.W.2d 448; Walden v. Jeffery, 907 S.W.2d 446; 
Sorokolit v. Rhodes, 889 S.W.2d 239. Several courts of appeals have held likewise. Hunsucker v.
Funstok, 238 S.W.3d 421 (Tex. App.--Houston [1st Dist.] 2007, no pet.); Boothe v. Dixon, 180
S.W.3d 915; Chapman v. Wilson, 826 S.W.2d 214 (Tex. App.--Austin 1992, pet. denied). In her
last amended petition, Simmons alleged that Parker performed dental work on her; he was her
"treating doctor"; he promised he could provide a better denture for her with "snap-on" dentures; he
represented that the process would be completed in four to five visits; and he represented that she
was a proper candidate for the "snap-on" dentures. Simmons further alleged she was never able to
get the dentures properly fitted, even though she had eight fittings, and she was advised by another
dentist that, not only were the dentures ill-fitting, but she was never a proper candidate for the "snap-on" dentures and that Parker and his associates should have been aware of that fact. All of the claims
by Simmons are inseparable from the rendition of health care services and therefore constitute a
health care liability claim. Implied warranties do not apply to a product provided as an inseparable
part of the rendition of medical services. Walden v. Jeffery, 907 S.W.2d at 448. The providing of
dentures is an inseparable part of the rendition of medical services.

 Because Simmons' claims are health care liability claims, she was required to file an expert
report under Tex. Civ. Prac. & Rem. Code Ann. § 74.351. Because she did not, the trial court was
required to dismiss her claims, and abused its discretion in failing to do so. For the reasons stated,
we reverse the trial court's order denying the motion to dismiss, and remand the case to the trial court
for proceedings not inconsistent with this opinion.




 William J. Cornelius

 Justice*



*Chief Justice, Retired, Sitting by Assignment

 


Date Submitted: February 13, 2008

Date Decided: March 12, 2008



1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (Vernon Supp. 2007),
§ 74.001(a)(13) (Vernon 2005) (defining HCLC), § 74.351 (Vernon Supp. 2007) (expert report).
2. See Tex. Bus. & Com. Code Ann. §§ 17.46, 17.50 (Vernon Supp. 2007). Simmons later
amended her petition to add a HCLC. After Parker filed a motion to dismiss, Simmons again
amended her petition, dropping her contract and HCLC claims and expanding her Deceptive Trade
Practices Act (DTPA) claims. 
3. 889 S.W.2d 239, 242 (Tex. 1994) (finding that plastic surgeon's knowing breach of an
express warranty of a particular result or knowing misrepresentation of skills was not precluded
under the DTPA).