NUMBER 13-99-631-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

MARIA L. GOMEZ , Appellant,


v.

DOUGLAS A. MATEY, JR., M.D., CORPUS CHRISTI WOMEN'S 

CLINIC, P.A., AND COLUMBIA/HCA, SURGICARE HOSPITAL, Appellees.

__________________________________________________________________


On appeal from the County Court at Law No. 2

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Rodriguez, and Seerden (1)

Opinion by Justice Dorsey

Maria L. Gomez brings this appeal contending that the trial court improperly dismissed her causes of action for fraud,
breach of warranty, misrepresentation, DTPA and battery because she failed to comply with the requirements of the
Medical Liability Insurance Improvement Act ("MLIIA" or "the Act"), Tex. Rev. Civ. Stat. Ann. article 4590i (Vernon
Supp. 2001).

Gomez sued Dr. Douglas Matey, Jr., Corpus Christi Women's Clinic, P.A., and Columbia/HCA Surgicare Hospital (herein
referred to collectively as "the health care defendants"), for damages related to her receipt of medical treatment from those
entities. Dr. Matey performed a hysterectomy on Mrs. Gomez, who contends that she did not need the operation when Dr.
Matey performed it, and that Dr. Matey knew at the time he recommended it that she did not need the hysterectomy. These
basic allegations have been shaped into several causes of action by Mrs. Gomez, e. g., fraud, misrepresentation under the D.
T. P. A., etc. The health care defendants moved to dismiss because Gomez failed to file expert reports as required by
section 13.01(e) of the MLIIA, and the trial court dismissed her suit. Mrs. Gomez appeals that dismissal, claiming that her
causes of action are not governed by the Act.

Requirements of the MLIIA

In an effort to curtail frivolous claims against physicians and other health care providers, the legislature enacted the Texas
Medical Liability and Insurance Improvement Act. The MLIIA requires a party prosecuting a "health care liability claim"
to:

(1) furnish to counsel for each physician or health care provider one or more expert reports with a curriculum vitae of each
expert listed in the report of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

Id. § 13.01(d). The expert report must provide a "fair summary of the expert's opinions . . . regarding the applicable
standard of care, the manner in which the care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Id. § 13.01(r)(6). A
report must be provided for each physician or health care provider against whom a claim is asserted, and must be filed no
later than the 180th day after the date on which a health care liability claim is filed, unless a statutory extension applies. Id.
§ 13.01(d). If the claimant fails to comply with the deadline, upon proper motion by the defendant, the trial court is
required to enter sanctions that include dismissing the action with prejudice. Id. § 13.01(e)(3). That provision was relied
upon by the trial court in dismissing Mrs. Gomez's action.

However, the MLIIA does not preempt every conceivable cause of action against a physician or a health care provider. See
e.g. Sorokolit v. Rhodes, 889 S.W.2d 239, 242 (Tex. 1994); Rogers v. Crossroads Nursing Service, Inc., 13 S.W.3d 417,
420 (Tex. App.--Corpus Christi 1999, no pet.). For example, the general provisions of the Act apply only to "health care
liability claims." A health care liability claim is defined as:

a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure
from accepted standards of medical care or health care or safety which proximately results in injury to or death of the
patient, whether the patient's claim or cause of action sounds in tort or contract. 

Art. 4590i, § 1.03 (a)(4). (Emphasis added.) 

Conversely, claims against a health care provider for damages which are not based on a breach of the accepted standard of
medical care are not subject to the act's strict requirements. Art. 4590i, §12.01;see also Sorokolit, 889 S.W.2d at 241-42. 
The Texas Supreme Court has so held that a cause of action not based on a breach of the applicable standard of care in the
health care industry is not preempted by the MLIIA. See Sorokolit, 889 S.W.2d at 241-42. 

The test is whether, to successfully prove the claim, the plaintiff must prove a breach of the applicable standard of care for
health care providers. See MacGregor Medical Ass'n v. Campbell, 985 S.W.2d 38, 41 (Tex. 1998). We look to the
underlying nature of a claim to determine its true character and whether it is actually a health care liability claim or
something else. Sorokolit, 889 S.W.2d at 242; Rogers, 13 S.W.3d at 420. 

 Whether the action is a health care liability claim is a question of law, which this court reviews de novo. (2)

Ms. Gomez's lawsuit was dismissed by the trial court after appellees filed a motion to dismiss pursuant to section 13 of the
MLIIA, alleging that Gomez failed to provide expert reports as required by the Act. If her causes of action were governed
by the Act, dismissal is required upon finding that the appropriate expert reports have not been filed. See MLIIA §
13.01(b). Gomez was not required to produce any evidence in response to the appellee's motion, but was, required to
provide pleadings that sufficiently state claims falling outside the purview of the MLIIA. 

Mrs. Gomez's claims are founded on her claim that Dr. Matey performed an unnecessary hysterectomy, after representing to
her it was necessary. Although Mrs. Gomez alleges that Dr. Matey knowingly mislead her into having the operation, Dr.
Matey's mental state should not be the focus of whether the action is controlled by the Act. Rather, the type of proof is to
be looked to; whether the plaintiff must prove a breach of the applicable standard of medical care. MacGregor Medical
Ass'n, 985 S.W.2d at 41. Mrs. Gomez must establish what her medical condition was prior to Dr. Matey's diagnosis,
representations, and surgery, and that he purposefully misdiagnosed her malady. In order to prove the misdiagnosis and
that the surgery performed was not justified, Mrs. Gomez must rely on medical expertise. She is required to prove a
deviation from the accepted standard of medical care in order to make her case regardless of the artful way she had plead it. 
This reliance on expert medical testimony to prove the wrong brings the action within the scope of the Medical Liability
Insurance Improvement Act.

Judgment of the trial court is affirmed.



______________________________

J. BONNER DORSEY,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of August, 2001.

1. Retired Justice Robert J. Seerden assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. We recognize that other courts have held that certain issues involved in Section 13.01 dismissals are reviewed under an
abuse of discretion standard. See Am. Transitional Care Ctrs. of Texas v. Palacios,46 S.W.3d 873, 877-78 (Tex. 2001)
(publication status pending); Pfeiffer v. Jacobs, 29 S.W.3d 193, 195-96 (Tex. App.--Houston [14th Dist.] 2000, pet. denied)
(involving the question of whether the claimant was entitled to an extension of time for filing the expert report). However,
because the determination of whether a cause of action is, in reality, merely a recast health care liability claim is a question
of law, we do not accord deference to the trial court's decision. See Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992)
(noting a trial court has no "discretion" in determining what the law is or applying the law to the facts, and a failure to do so
will constitute an abuse of discretion).