**Brenda K. JONES, Appellant**

v.

**ARK–LA–TEX VISITING NURSES, INC., d/b/a Ark–La–Tex Home Health and Hospice Care, Appellee.**

No. 06–03–00056–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 2, 2004.

Decided Feb. 10, 2004.

M. Mark Lesher, Lesher & Murry, Texarkana, for appellant.

Allison L. Spruill, Best & Spruill, Austin, for appellee.

Before MORRISS, C.J., ROSS and HADDEN,* JJ.

## OPINION

Opinion by Justice ROSS.

Brenda K. Jones appeals from the dismissal of her medical malpractice lawsuit against Ark–La–Tex Visiting Nurses, Inc., d/b/a Ark–La–Tex Home Health and Hospice Care (Ark–La–Tex).[1] The trial court dismissed her lawsuit because it found that the expert report of Jonathan Walker, M.D., did not meet the requirements of or represent a good-faith effort to comply with TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01.[2] The court dismissed the case with prejudice and ordered payment of $3,125.00 as attorney's fees to the defendant.

### Background

Jones alleged in her lawsuit she was admitted to Christus St. Michael hospital July 27, 1999, for surgery and was subsequently discharged July 31, 1999. After her discharge, she received home healthcare from Ark–La–Tex. She alleged that, during the hospitalization and subsequent home healthcare, she was injured by a failure to properly infuse fluids and drugs using an intravenous drip. Specifically, she alleged the hospital and Ark–La–Tex were negligent by failing to "properly insert, maintain, monitor and/or change the I.V. needle that proximately caused a right median nerve injury and neuropathy" of her right arm.

### The Report

In the report Jones filed, Walker states that the report is designed to give an opinion about whether the appropriate standards of care were met by the hospital and by Ark–La–Tex, that he reviewed the records, and that he is qualified by "education, training and experience in the same field or school of medicine as the health care providers for the incident being reviewed." He then refers to his attached curriculum vitae and states that he is board certified in psychiatry, neurology, and clinical neurophysiology, and that he has extensive experience in treating chronic pain and the causes of pain. The report then goes on to note that, while at the hospital, Jones had an I.V. in place in her right arm infusing an antibiotic (Gentamycin) and that she at that time began and thereafter continued to exhibit weakness of that arm, along with pain between her elbow and wrist.

---

* Roby Hadden, J., Sitting by Assignment.

1. Her lawsuit originally included Christus St. Michael hospital. That defendant obtained a summary judgment in its favor. The parties were severed, and this appeal only addresses the Ark–La–Tex defendant.

2. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01, Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985–87. This Act was repealed and recodified at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon 2004) (effective September 1, 2003). Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884. This action was filed October 10, 2001, before the new Act's September 1, 2003, effective date.

Walker states that, "The appropriate standard of care for the health care providers when inserting and reinserting needles to allow I.V. fluids to be infused into the body is to take care to not puncture the vein, to not infuse drugs such as Gentamycin rapidly, and to prevent prolonged regional infusion of antibiotics such as Gentamycin." He went on to explain that this particular antibiotic is a known neurotoxic substance and that the prolonged use of Gentamycin, along with the release of the substance into the surrounding tissues by the I.V., caused the nerve damage.

**Standard of Review**

Dismissal of a cause of action under Article 4590i, Section 13.01 is treated as a sanction and is reviewed for an abuse of discretion. *See Am. Transitional Care Ctrs. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001). An abuse of discretion occurs when a trial court acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *See Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999). A trial court does not abuse its discretion simply because it may decide a matter within its discretion differently than an appellate court. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985). However, a trial court has no discretion in determining what the law is or in applying the law to the facts. Thus, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion,...." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) requires a plaintiff asserting a healthcare liability claim to submit an expert report, along with the expert's curriculum vitae, as to each physician or healthcare provider named as a defendant in the suit, no later than the 180th day after filing suit. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d). The Act describes an expert report as a written report providing "a fair summary of the expert's opinions ... regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01(r)(6).

If a claimant furnishes a report within the time permitted, a defendant may file a motion challenging the report. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(*l*). The trial court shall grant the motion only if it appears to the court, after hearing, the report does not represent a good-faith effort to comply with the statutory definition of an expert report. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(*l*); *Palacios,* 46 S.W.3d at 877–78.

If a report omits any of the statutory elements, it cannot be a good-faith effort. *Palacios,* 46 S.W.3d at 879. A report that merely states the expert's conclusions about the standard of care, breach, and causation is not sufficient. *Id.* In determining whether the report represents a good-faith effort, the trial court's inquiry is limited to the four corners of the report. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(r)(6); *Palacios,* 46 S.W.3d at 878.

**Analysis**

Walker's report provides considerable information specifying the nature of the injury, how Walker believes it occurred, and the specific factor that was responsible for the injury. The question before this Court is: Is that sufficient?

Ark–La–Tex contends the report is inadequate for several reasons. It points out that the doctor was not sufficiently shown to be knowledgeable about nursing standards to opine as an expert in that area,

that the doctor did not set out a standard of care for nurses, and that the act he concluded was the cause of the injury (administration of Gentamycin) was not within the control of the nurses, but of the prescribing physician.

Reviewing the four corners of the document involved, we agree. The report fails to state Walker's qualifications to give the standard of care for nurses monitoring a patient in a home healthcare setting. The doctor's curriculum vitae is attached to the report and shows Walker's work and educational background. It does not on its face, however, contain information showing he is an expert on appropriate nursing care, and it does not contain any language purporting to set out the standard of care appropriate for nurses taking care of a patient at home.

 The expert report must set forth an applicable standard of care and a breach of that standard. Tᴇx.Rᴇᴠ.Cɪᴠ. Sᴛᴀᴛ. Aɴɴ. art. 4590i, § 13.01(r)(6). As this Court has recently recognized, identifying the standard of care is critical: whether a defendant breached his or her duty to a patient cannot be determined absent specific information about what the defendant should have done differently. *Moore v. Sutherland,* 107 S.W.3d 786, 790 (Tex. App.-Texarkana 2003, pet. denied), *citing Palacios,* 46 S.W.3d at 875.

Walker's report specifies what the expert believes should have been done differently and why, but it does not purport to set out a standard of care that must be met by this particular type of provider. The report does not differentiate between what the hospital did wrong and what the nurses did wrong. A reader cannot determine from the report what actions occurred at the hospital or what occurred at Jones' home, and it also does not state that the nursing staff was responsible for the acts resulting in the injuries. Thus, in the language of *Palacios,* it fails to "inform the defendant of the specific conduct the plaintiff has called into question." *Palacios,* 46 S.W.3d at 879.

In the absence of this information, we conclude the trial court did not abuse its discretion by dismissing the lawsuit for failure to provide an adequate expert's report.

The judgment is affirmed.