In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00162-CV
______________________________


PHILLIP W. JONES AND ALMA DAFFERN,
INDIVIDUALLY AND ON BEHALF OF THE ESTATE
OF NOLA E. JONES, DECEASED, Appellants
 
V.
 
CHRISTUS HEALTH ARK-LA-TEX,
D/B/A CHRISTUS ST. MICHAEL HEALTH
SYSTEM, AND DUBUIS HOSPITAL OF TEXARKANA, Appellees


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03C0183-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Phillip W. Jones and Alma Daffern, acting individually and on behalf of the estate of Nola
E. Jones, deceased, appeal the trial court's dismissal of their lawsuit against Christus Health
Ark-La-Tex, doing business as Christus St. Michael Health System, and Dubuis Hospital of
Texarkana. 
Factual and Procedural Background
            On February 6, 2003, the plaintiffs sued the hospitals for the alleged negligent treatment
received by Nola Jones during her hospital stay from November 22, 2000, until her death
January  18, 2001. The specific allegations were that the hospitals were negligent in providing
"substandard air filtering system and unclean rodent[-]infested environment." Plaintiffs never filed
an expert report. On September 11, 2003, Dubuis Hospital filed a motion to dismiss because the
plaintiffs had not filed a medical expert report as required by Tex. Civ. Stat. Ann. art. 4590i,
§ 13.01(d) and (e).


 Twelve days later, Christus St. Michael Health System filed a similar motion.
            On October 17, 2003, the plaintiffs filed an amended petition. The amended petition 
abandoned the earlier claim of negligent health care delivery and recast the claim as premises
liability with the identical allegations of a "substandard air filtering system and unclean rodent[-]
infested environment" while Jones "was an invitee" of the hospitals. The trial court granted the
hospitals' motions to dismiss in October 2003. 
            On appeal to this Court, the plaintiffs contend the trial court abused its discretion by
dismissing their suit because the plaintiffs' cause of action was based on premises liability rather than
medical negligence. 
Standard of Review
            The Texas Legislature created the Texas Medical Liability and Insurance Improvement Act
(MLIIA) "to curtail frivolous claims against physicians and other health care providers." Gomez v.
Matey, 55 S.W.3d 732, 734 (Tex. App.—Corpus Christi 2001, no pet.). This Court recently
discussed the requirements of a medical expert report under the MLIIA (former Article 4590i,
§ 13.01):
Tex. Rev. Civ. Stat. Ann. art 4590i, § 13.01(d) requires a plaintiff asserting a
healthcare liability claim to submit an expert report, along with the expert's
curriculum vitae, as to each physician or healthcare provider named as a defendant
in the suit, no later than the 180th day after filing suit. See Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 13.01(d). The Act describes an expert report as a written report
providing "a fair summary of the expert's opinions . . . regarding applicable standards
of care, the manner in which the care rendered by the physician or health care
provider failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed." Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(r)(6).
Jones v. Ark-La-Tex Visiting Nurses, Inc., 128 S.W.3d 393, 396 (Tex. App.—Texarkana 2004, no
pet.). "If the claimant fails to comply with the [statutory] deadline, upon proper motion by the
defendant, the trial court is required to enter sanctions that include dismissing the action with
prejudice." Gomez, 55 S.W.3d at 734 (citing Tex. Rev. Civ. Stat. Ann. art 4590i, § 13.01(e)(3))
(emphasis added). The requirements of Section 13.01 apply, however, only to "health care liability
claims." Id.
            Dismissal of a cause of action under Article 4590i, Section 13.01 is treated as a sanction and
is reviewed for an abuse of discretion. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46
S.W.3d 873, 877 (Tex. 2001). An abuse of discretion occurs when a trial court acts in an arbitrary
or unreasonable manner or without reference to any guiding rules or principles. Garcia v. Martinez,
988 S.W.2d 219, 222 (Tex. 1999). A trial court does not abuse its discretion simply because it may
decide a matter within its discretion differently than an appellate court. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985). A trial court, however, has no discretion in
determining what the law is or in applying the law to the facts. Thus, "a clear failure by the trial
court to analyze or apply the law correctly will constitute an abuse of discretion . . . ." Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992).
            "'Health care' means any act or treatment performed or furnished, or which should have been
performed or furnished, by any health care provided for, to, or on behalf of a patient during the
patient's medical care, treatment, or confinement." Tex. Rev. Civ. Stat. Ann. art. 4590i, § 1.03,
Act of May 16, 1997, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2041, repealed by Act
of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884, and recodified at Tex.
Civ. Prac. & Rem. Code Ann. § 74.001(a)(10) (Vernon Supp. 2004). A "health care provider" is 
any person, partnership, professional association, corporation, facility, or institution
duly licensed or chartered by the State of Texas to provide health care as a registered
nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or an officer,
employee, or agent thereof acting in the course and scope of his employment.

Id., recodified at Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(12) (Vernon Supp. 2004). And
the statutory term "health care liability claim" means 
a cause of action against a health care provider or physician for treatment, lack of
treatment, or other claimed departure from accepted standards of medical care or
health care or safety which proximately results in injury or death of the patient,
whether the patient's claim or cause of action sounds in tort or contract.
 
Id., recodified at Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (Vernon Supp. 2004)
(emphasis added).
            A plaintiff must meet the requirements of Section 13.01 if "to successfully prove the claim,
the plaintiff must prove a breach of the applicable standard of care for health care providers." 
Gomez, 55 S.W.3d at 734–35. Whether a cause of action advances a health care liability claim is
a question of law to be reviewed de novo on appeal. Id. at 735. Claims that physicians or health care
providers were negligent may not be merely recast as other causes of action to avoid the medical
expert report requirements. MacGregor Med. Ass'n v. Campbell, 985 S.W.2d 38, 40 (Tex. 1998);
Sorokolit v. Rhodes, 889 S.W.2d 239, 242 (Tex. 1994). If a plaintiff's cause of action is a health care
liability claim, and if the trial court dismissed the case because the plaintiff failed to file an expert
report within the statutory time period, then the trial court did not abuse its discretion by dismissing
the case with prejudice. If, however, the plaintiff's claim is not one for health care liability, or if the
trial court dismissed with the erroneous belief that the plaintiff had failed to file (or filed an
inadequate) medical expert report, then we will find the trial court abused its discretion and reverse
the judgment of dismissal. See, e.g., Moore v. Sutherland, 107 S.W.3d 786, 790 (Tex.
App.—Texarkana 2003, pet. denied) (trial court erred in finding the expert's report was not a good
faith attempt to comply with statutory requirements).
Analysis
            The plaintiffs filed their original petition February 6, 2003, and did not amend that petition
until more than eight months later. The plaintiffs never filed an expert report. Accordingly, to
determine whether the MLIIA's requirement that a medical expert report be filed within 180 days of
the lawsuit's commencement, we will look only to the petition(s) on file during that first 180 days
of the suit's pendency. See former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) (repealed 2003)
(plain language of the statute requires the report to be filed within 180 days of filing suit). In this
case, the plaintiffs sued the hospitals because they
negligently treated Nola E. Jones, Deceased, while rendering health care beginning
on or about November 22, 2000. On this date, Nola E. Jones, Deceased, entrusted
her health care to Defendants. Said Defendants undertook to perform said health
care and did so in a negligent manner. Specifically, Nola Jones was admitted to
Christus St. Michael on November 22, 2000, with a diagnosis of pneumonia and was
treated and clinically became better and was then transferred to Dubuis Hospital on
the 6th Floor of Christus St. Michael. Ms. Jones thereafter was negligently treated
and cared for by the nursing staff and other employees at Dubuis Hospital for the
reason that due to the substandard air filtering system and unclean rodent[-]infested
environment, Nola Jones contracted cryptococcosis and aspergillosis, that being two
rare fungal infections. Ms. Jones thereafter died on January 18, 2001[,] at Dubuis
Hospital from complications suffered as a result of contracting these two rare fungal
infections . . . .
 
(Emphasis added). 
            Reviewing the syntax of the plaintiffs' original petition, it is clear their claim was for
negligent treatment by the hospitals. The petition discusses the hospitals "rendering health care" in
a negligent fashion. The petition states Jones "entrusted her health care" to the hospitals, but "was
negligently treated." And Jones died of "complications suffered as a result of contracting . . . two
rare fungal infections."
            The crux of the plaintiffs' claim would require them to establish Nola Jones was "negligently
treated and cared for" by the hospitals and their employees, or that the hospitals "depart[ed] from
accepted standards of medical care or health care or safety which proximately result[ed] in [Jones']
injury or death." See former Tex. Civ. Prac. & Rem. Code Ann. art 4590i, § 1.03(a)(4) (repealed
2003). Such a cause of action clearly necessitates the plaintiffs first establishing the proper standard
of care and treatment for persons in Nola Jones' condition, and thereafter requires the plaintiffs to
show how the hospitals breached that standard. Cf. Gomez, 55 S.W.3d at 735 (plaintiff required to
prove a deviation from the accepted standard of medical care to prove the case, regardless of the
artful way she pled the cause of action). To prove either the accepted standard of care or a breach
thereof, the plaintiffs would have to rely on expert medical testimony. Such testimony would further
be necessary to explain why the hospitals had a duty to prevent the allegedly unsafe conditions that
allowed Nola Jones to contract the two rare fungal infections. And claims that a breach of the
hospitals' duties to provide safe health care environments are expressly included within the statutory
definition of "health care liability claim." Accordingly, the plaintiffs' suit is properly characterized
as one of health care liability. 
            When plaintiffs filed their health care liability suit, they had 180 days, unless extended, to
file an expert report. No extension was requested or granted. After the lapse of 180 days, the
plaintiffs had not filed the expert report. When the motions to dismiss were filed after the 180 days
expired, no expert report was filed. The plaintiffs did not attempt to amend the petition during the
180-day period. The statute plainly states, "If a claimant has failed . . . to comply with Subsection
(d) of this section [filing of the report or voluntary dismissal within the 180 days] within the time
required, the court shall . . . enter an order awarding as sanctions . . . (3) the dismissal of the action
of the claimant against that defendant with prejudice . . . ." Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(e) (repealed 2003). Therefore, the motion to dismiss required the trial court to decide if the
plaintiffs had filed an expert report "within the time required." Clearly, they had not.
            The recasting of the pleadings after the 180 days expired does not operate to nullify the
requirement imposed by this statute to dismiss the action.


 Because the plaintiffs never filed a
medical expert's report, the trial court, on the hospitals' motions, was required to dismiss the action
with prejudice. We cannot say the trial court abused its discretion by dismissing the action in
accordance with that statutory requirement. 
            We affirm the judgment of the trial court.




                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 9, 2004
Date Decided:             July 27, 2004