Affirmed and Opinion filed September 18, 2007








Affirmed and Opinion filed September 18, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00902-CV

_______________

 

ALISTA MAXWELL, Appellant

 

V.

 

HEIDI JANE SEIFERT, Appellee

                                                                                                                                               


On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2006-20490

                                                                                                                                               


 

 O P I N I O N








Alista
Maxwell, appellant, sued Dr. Heidi Jane Seifert, appellee, for medical
malpractice.  Dr. Seifert filed a motion to dismiss for failure to timely file
an expert report as required under Texas Civil Practice and Remedies Code
section 74.351.  After conducting a hearing, the trial court granted Dr.
Seifert=s motion to dismiss.  In three
issues, Maxwell contends the trial court erred by: (1) dismissing a new claim
that she added the day before the hearing, (2)  determining  medical records
which were provided in response to Dr. Seifert=s discovery requests could not
constitute an expert report, and (3) failing to rule on Maxwell=s request for a thirty-day extension
to cure a deficiency in the required expert report.  We affirm.  

I.  Background 

On April
21, 2004, Dr. Heidi Seifert gave Alista Maxwell an epidural steroid injection
to treat neck pain.  Dr. Seifert used a fluoroscope to guide the needle into
Maxwell=s spinal region.  After the
procedure, Maxwell suffered paralysis on her left side and temporary vision
loss in her left eye.  Subsequently, Maxwell was examined by Dr. Edward Murphy,
a neurosurgeon, and Dr. William Fleming III, a neurologist.  Both doctors
opined that Maxwell suffered a spinal cord injury.

On March
29, 2006, Maxwell filed suit, alleging Dr. Seifert was negligent in performing
the epidural steroid injection by causing the needle to travel through her
spinal cord, resulting in significant and permanent damage.  Under Texas Civil
Practice and Remedies Code section 74.351(a), a claimant in a medical
malpractice suit must serve on each party, no later than the 120th day after
the date the original petition was filed, one or more expert reports with a
curriculum vitae of each expert listed in the report.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a) (Vernon Supp. 2006). 
Therefore, Maxwell=s expert report was due on July 27, 2006, the 120th day after
the suit was filed.  








On
August 17, 2006, Dr. Seifert filed a motion to dismiss based on Maxwell=s failure to timely serve an expert
report pursuant to Texas Civil Practice and Remedies Code section 74.351.  On
September 1, 2006, Maxwell filed a response to Dr. Seifert=s motion to dismiss, arguing that she
complied with the expert report requirement by producing medical records from
Dr. Murphy and Dr. Fleming in her response to Dr. Seifert=s request for production.[1]
In the alternative, she also requested a thirty-day extension to cure any
deficiencies. 

On
September 21, 2006, the day before the motion-to-dismiss hearing, Maxwell filed
a First Amended Petition, Supplemental Response to Defendant=s Motion to Dismiss, and Plaintiff=s Amended Responses to Defendant=s First Request for Production.  In
the First Amended Petition, Maxwell alleged, for the first time, two additional
claims of liability against Dr. Seifert: (1)  failure to disclose risks of the
procedure under Texas Civil Practice and Remedies Code section 74.101; and (2) res
ipsa loquitor.  In the Supplemental Response to Defendant=s Motion to Dismiss, she explained
that she amended her responses to the request for production and they were
responsive to a request for any expert reports in compliance with section 74.351.
She also argued that the amended responses should Arelate back to and supplant@ the original responses.

On
September 22, 2006, the trial court conducted a hearing on the motion to
dismiss.  At the hearing, appellant argued that the medical records she
provided in response to Dr. Seifert=s discovery request within 120 days
of filing suit met the expert report requirement.  She further argued that only
an opinion on causation is required in an expert report where the claim is
failure to disclose risks of procedure or res ipsa loquitor and that her
medical records satisfied this element.  Maxwell alternatively requested a
thirty-day extension to file an expert report if the trial court found the
medical records were merely a deficient expert report.  During the hearing,
Maxwell=s counsel also admitted that he
originally did not intend for the medical records to serve as a section 74.351
expert report; however, he mistakenly calendered the expert report filing date
under the former deadline, which required an expert report to be filed within
180 days. 








The
trial court signed an order granting Dr. Seifert=s motion to dismiss Maxwell=s claims with prejudice on September
28, 2005. 

II.  Standard of Review 

We
review a trial court=s ruling as to the adequacy of an expert report under an
abuse of discretion standard.   Am. Transitional Care Ctrs. v. Palacios,
46 S.W.3d 873, 877 (Tex. 2001).  A trial court abuses its discretion if it acts
in an arbitrary or unreasonable manner without reference to guiding rules or
principles.  See Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). 
When reviewing matters committed to the trial court=s discretion, we may not substitute
our own judgment for that of the trial court.  Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992).  A trial court does not abuse its discretion
merely because it decides a discretionary matter differently than an appellate
court would in a similar circumstance.  See Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241B42 (Tex. 1985).  However, to the extent resolution of this
issue requires interpretation of the statute itself, we apply a de novo
standard. Buck v. Blum, 130 S.W.3d 285, 290 (Tex. App.CHouston [14th
Dist.] 2004, no pet.); Ponce v. El Paso Healthcare Sys., Ltd., 55 S.W.3d
34, 36 (Tex. App.CEl Paso 2001, pet. denied); Gomez v.
Matey, 55 S.W.3d 732, 735 n.2 (Tex. App.CCorpus Christi
2001, no pet.).   

III.  Dismissal of New Claims

 








In her first issue, Maxwell contends
the trial court erred by dismissing her failure-to disclose-risks claim, which
she added in her First Amended Petition filed the day before the
motion-to-dismiss hearing.  Specifically, appellant contends this claim was a Adistinct health care liability claim@ from the original claim of
negligence in the performance of the epidural steroid injection, and a new
120-day time line to file an expert report with regard to this claim began when
she amended her petition.  However, section 74.351(a) clearly requires that a
claimant serve her expert report not later than the 120th day after the date
the Aoriginal petition@ was filed. Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a).  Maxwell did not file her
expert report within 120 days after the original petition was filed.  She did
not gain another 120 days in which to serve an expert report when she filed her
amended petition on September 21, 2006.[2]  Accordingly,
we overrule appellant=s first issue.                        

IV.  Expert
Report  

In her second issue, Maxwell contends
the trial court erred by determining that her production of medical records in
response to discovery requests did not satisfy section 74.351.  Specifically,
Maxwell contends the medical records constitute an expert report under section
74.351 because the medical causation question was addressed by one or more of
the physicians who created the records.  In her brief, Maxwell quotes portions
of the medical records that purportedly constitute an expert report under
section 74.351.  








After reviewing the statute and the
Texas Supreme Court=s instruction regarding  the purpose and requirements of
expert reports in medical malpractice cases, we conclude that the Maxwell=s bulk medical records, served in
response to Dr. Siefert=s discovery requests, do not constitute an expert report
under section 74.351. Maxwell=s medical records are reflective of her physician=s contemporaneous observations, diagnosis
and treatment.  The content is not responsive to specific questions related to
the standard of care and medical causation. An expert report is defined as a
written report by an expert that provides a fair summary of the expert=s opinions as of the date of the
report regarding: (1) applicable standard of care; (2) the manner in which the
care provided failed to meet the standards; and (3) the causal relationship
between that failure and the injury, harm, or damages claimed.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.35(r)(6) (Vernon Supp. 2006). The
Texas Supreme Court has explained that an expert report must include
information sufficient to fulfill two purposes:  (1) inform the defendant of
the specific conduct the plaintiff has called into question; and (2) provide a
basis for the trial court to conclude that the claims have merit.  See Am.
Transitional Care Ctrs. v. Palacios, 46 S.W.3d 873, 879 (Tex. 2001).  In
contrast with medical records, an expert report is not admissible, and shall
not be used in a deposition, trial or other proceeding unless the claimant uses
it for any purpose other than to fulfill the service requirement.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(k)(1)(2), (t) (Vernon Supp.
2006). Accordingly, we cannot agree with appellant=s suggestion that Dr. Seifert was 
required to read bulk medical records and search for the statutorily required
information.  Moreover, it would be very difficult, if not impossible, for a
defendant to timely fulfill the 21 day requirement for filing objections to the
sufficiency of an expert=s report when a plaintiff produces bulk medical records
without identifying the portion of the records that fulfills the requirements
of section 74.351(a).  

In her brief, Maxwell implicitly
admits that her medical records do not contain the statutorily required opinion
regarding the standard of care or how Dr. Seifert allegedly breached that
standard. However, Maxwell suggests her res ipsa loquitor claim survives the
requirements of section 74.351.  Our court has previously rejected this contention. 
See Ruiz v. Walgreen Co., 79 S.W. 3d 2235, 239S40 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(concluding that even if res ipsa loquitor does apply, an expert report is still
required); See also Hector v. Christus Health Gulf Coast and  Cannan
L. Harris, M.D., 175 S.W. 3d 832, 839 (Tex. App.CHouston [14th Dist.] 2005 pet.
denied).








Accordingly, we hold that the bulk
medical records Maxwell served in response to Dr. Seifert=s request for production do not
constitute an expert report under section 74.351.  Maxwell=s second issue is overruled.  

V.  Request
for an Extension

In her third issue, Maxwell contends
the trial court erred by failing to rule on Maxwell=s request for a thirty-day extension
to cure a deficiency in her purported expert report.  

Section 74.351(c) provides: AIf an expert report has not been
served within the period specified by Subsection (a) because elements of the
report are found deficient, the court may grant one 30-day extension to the
claimant in order to cure the deficiency.@ Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(c) (Vernon Supp. 2006). 
Several courts of appeals, including this court, have interpreted this language to mean that the thirty-day
extension applies only when an initial expert report is timely filed.  See
Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.,
208 S.W.3d 64, 67 (Tex. App.CHouston [14th Dist.] 2006, no pet.) (AAlthough section 74.351(c) gives a
court discretion to grant 30 days to amend a deficient expert report, this
section applies only when an initial report is timely filed; it is not
available to extend the deadline for first filing a report.@); Valley Baptist Med. Ctr. v.
Azua, 198 S.W.3d 810, 815 (Tex. App.CCorpus Christi 2006, no pet.)
(holding that A[a]n extension under section 74.351(c) is not available if the expert
report is not served by the deadline@); Herrera v. Seton Nw. Hosp.,
212 S.W.3d 452, 460 (Tex. App.CAustin 2006, no pet.) (noting that section 74.351(c) did not
apply to plaintiff=s late-filed expert report because that section Apermits extensions for expert reports
that the court finds deficient in substance, not for reports that are filed
untimely@); Thoyakulathu v. Brennan,
192 S.W.3d 849, 852B53 (Tex. App.CTexarkana 2006, no pet.) (same).  








Because Maxwell=s bulk medical records do not
constitute an expert report under section 74.351, we hold the trial court did
not err by failing or refusing to rule on her request for a thirty-day
extension to cure a deficiency.  Accordingly, we overrule appellant=s third issue. 

The judgment of the trial court is
affirmed.                       

 

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion filed September 18, 2007.

Panel consists of Justices Yates, Seymore, and Edelman.* 


 

 









[1]  Specifically, she produced the medical records in
response to Dr. Seifert=s request for production number 14 requesting ATrue, complete, and correct copies of any and all
records, correspondence, notes and/or reports from any physician and/or
healthcare provider who has opined that any injury to plaintiff was caused, in
whole or in part, by any negligence of Heidi Jane Seifert, M.D.@  





[2]  In support of her argument, appellant cites Puls
v. Columbia Hospital at Medical City Dallas Subsidary, 92 S.W.3d 613, 617B18 (Tex. App.CDallas
2002, pet. denied).  However,  the Puls court applied Texas Revised
Civil Statute article 4590i, section 13.01(d), which provided that the expert
report was due no later than the 180th day after the health care liability
claim was filed.  See Puls, 92 S.W.3d at 617 (citing Tex. Rev. Civ. Stat. Ann. Art. 4590i, ' 13.01(d) (repealed in 2003)).  In 2003, the
Legislature repealed article 4590i of the Revised Civil Statutes and moved the
amended provisions of former article 4590i to Chapter 74 of the Civil Practice
and Remedies Code.  See Act of June 2, 2003, 78th Leg., R.S., ch. 204, '' 10.01, 10.09, 2003 Tex. Gen. Laws 847, 864B82, 884.  Appellant also cites for support the 2003
version of the Texas Civil Practice and Remedies Code section 74.351(a) which
provided that a claimant must file an expert report Anot later than the 120th day after the date the claim
was filed.@  Tex. Civ.
Prac. & Rem. Code Ann. '
75.351(a) (Vernon 2005) (repealed in 2005) (emphasis added).  However, in 2005
the Legislature amended section 74.351(a) by substituting the words Aoriginal petition@
for the word Aclaim@ in the first
sentence of section 75.351(a).  See Act of May 18, 2005, 79th Leg.,
R.S., ch. 635, ' 1, 2005 Tex. Gen. Laws 1590.  This amendment became
effective September 1, 2005.  Therefore, the 2005 amendment applies to the
original petition which was filed in this case on March 29, 2006.





* 
Senior Justice Richard H. Edelman sitting by assignment.