PADMANEEL KANASE, V. SHELLEY DODSON







NO. 07-08-0472-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 26, 2009
                                        ______________________________

PADMANEEL B. KANASE, M.D., INDIVIDUALLY AND D/B/A
AMERICA LASER CENTERS AND LASER PHYSICIANS, PA, APPELLANTS

V.

SHELLEY DODSON, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 96,273-C; HONORABLE ANA E. ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
OPINION
          Appellants, Padmaneel B. Kanase, individually and d/b/a America Laser Centers and
Laser Physicians, PA, appeal the trial court’s denial of Defendants’ Motion to Dismiss
claims of negligence asserted by appellee, Shelly Dodson. By their motion, appellants
contend that dismissal of Dodson’s claims of negligence is mandated because these claims
constitute health care liability claims and Dodson failed to file an expert report within 120
days of filing suit. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp.
2008).


 Dodson did not file a brief in response, but took the position before the trial court
that her claims are for ordinary negligence and are not health care liability claims. We
conclude that the trial court erred by denying appellants’ motion to dismiss.
Background
          According to Dodson’s pleading, on or about December 1, 2006, appellants’
employees negligently performed intense pulse light (IPL) laser treatments on Dodson
which caused severe burns and permanent damage to her arms. On the basis of this
assertion, Dodson claims that appellants (1) failed to use ordinary care in training its
employees in the operation of the IPL, (2) failed to use ordinary care in supervising its
employees in the operation of the IPL, (3) failed to properly train employees to operate the
IPL, (4) failed to use reasonable care to prevent employees from causing an unreasonable
risk of harm to others, (5) failed to use ordinary care in taking precautions to protect the
safety of others when employees perform work that is inherently dangerous, and (6) failed
to exercise the degree of care, skill, and competence that a reasonable, competent
member of the profession would exercise under similar circumstances. Dodson filed her
petition on December 20, 2007. Appellants answered with a general denial that also pled
the limitations on liability contained within chapter 74 of the Texas Civil Practice and
Remedies Code. 
          On June 16, 2008, appellants filed a motion to dismiss which contended that
Dodson’s claims were health care liability claims and that she had failed to file an expert
report within 120 days of filing suit. See § 74.351. In her response to the motion to
dismiss, Dodson contended that her claims were claims of ordinary negligence and not
health care liability claims. Impliedly, Dodson conceded, in her response, that she had not
filed an expert report within the time required by statute. The parties then each filed
additional replies and briefs relating to the issue of whether the claims asserted by Dodson
constituted health care liability claims. After holding a hearing at which the parties argued
their positions, the trial court denied appellants’ motion without specifying the grounds on
which its decision was based. From this denial, appellants appeal. See § 51.014. 
          By their appeal, appellants’ sole issue contends that Dodson was required to file an
expert report. Because Dodson failed to timely file an expert report, appellants contend
that the trial court erred in denying the motion to dismiss.
Law
          Under section 74.351, any person who has brought a suit asserting a health care
liability claim must, within 120 days of filing the claim, provide an expert report for each
physician or health care provider against whom the claim is asserted. § 74.351(a). If the
claimant does not provide an expert report as required, the trial court must, upon motion
of the defendant, dismiss the claim with prejudice and award the defendant reasonable
attorney’s fees and costs of court. § 74.351(b). A health care liability claim is defined as:
a cause of action against a health care provider or physician for treatment,
lack of treatment, or other claimed departure from accepted standards of
medical care, or health care, or safety or professional or administrative
services directly related to health care, which proximately results in injury to
or death of a claimant, whether the claimant’s claim or cause of action
sounds in tort or contract.
 
§ 74.001(a)(13). A plaintiff cannot avoid the requirements of chapter 74 by attempting to
recast a health care liability claim as a different cause of action through artful pleading. 
See Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 851 (Tex. 2005). Whether
a claim is a health care liability claim is a question of law that we review de novo. Boothe
v. Dixon, 180 S.W.3d 915, 919 (Tex.App.–Dallas 2005, no pet.); Gomez v. Matey, 55
S.W.3d 732, 735 (Tex.App.–Corpus Christi 2001, no pet.). In determining whether a cause
of action is a health care liability claim, we examine the underlying nature of the claim
rather than the way it was pleaded. Boothe, 180 S.W.3d at 919. If the act or omission
alleged in the complaint is an inseparable part of the rendition of health care services or if
it is based on the breach of a standard of care applicable to health care providers, then the
claim is a health care liability claim. Diversicare Gen. Partner, Inc., 185 S.W.3d at 848;
Boothe, 180 S.W.3d at 919. Analysis 
          In the present case, there is no dispute that appellants are health care providers. 
See § 74.001(a)(12). Further, Dodson has alleged that the acts of appellants proximately
caused her injuries. Thus, the only issue before this Court is whether Dodson’s claims are
“for treatment, lack of treatment, or other claimed departure from accepted standards of
medical care, or health care.” § 74.001(a)(13).
          Dodson alleges that appellants’ employees negligently performed IPL treatments on
Dodson which caused severe burns and permanent damage to her arms. Dodson then
asserts claims of ordinary negligence against appellants for failing to properly train and
supervise employees in the use of the IPL, failure to provide properly trained employees,
failure to take reasonable care to prevent employees from causing an unreasonable risk
of harm to others, failure to use ordinary care to protect the safety of others when
employees are performing inherently dangerous work, and failure to exercise the degree
of care, skill, and competence that a reasonable, competent member of the profession
would exercise under similar circumstances. 
          Dodson’s claims derive from her allegation that appellants’ employees improperly
used the IPL and that such actions proximately resulted in her injuries.


 However, her
specific claims relate to appellants’ alleged negligent failure to properly train and supervise
their employees in the use of the IPL. Claims that a health care provider did not adequately
staff, train, or supervise employees are integral components of the rendition of health care,
which implicate medical expertise and the departure from accepted standards of health
care, and are, therefore, health care liability claims. Marks v. St. Luke’s Episcopal Hosp.,
No. 07-0783, 2009 Tex. LEXIS 636, at *14 (Tex. August 28, 2009) (citing Diversicare Gen.
Partner, Inc., 185 S.W.3d at 850). See Holguin v. Laredo Reg’l Med. Ctr., L.P., 256 S.W.3d
349, 356 (Tex.App.–San Antonio 2008, no pet.) (a health care provider’s staffing and
supervision of staff is an integral component of health care); Espinoza v. Baptist Health
Sys., No. 04-05-00131-CV, 2006 Tex.App. LEXIS 8739, at *7 (Tex.App.–San Antonio
October 11, 2006, pet. denied) (memo. op.) (claims of failure of health care provider to
train, supervise, or hire competent personnel amount to a claim of departure from accepted
standards of medical care). Further, that Dodson’s claims allege a breach of a standard
of medical care is evidenced by her claim that appellants, who are health care providers
under the statute, failed “to exercise the degree of care, skill, and competence that a
reasonable, competent member of the profession would exercise under similar
circumstances.”
          Because the nature of all of the claims alleged by Dodson are integral components
of the rendition of health care and, therefore, allege departure from accepted standards of
care, the claims are subject to the expert report requirement of section 74.351. As Dodson
failed to file an expert report within 120 days of filing her claim, the trial court erred in
denying appellants’ motion to dismiss.
Conclusion
          For the foregoing reasons, we reverse the order of the trial court denying appellants’
motion to dismiss, render judgment that Dodson’s claims be dismissed with prejudice, and
remand the case to the trial court solely on the issue of the appropriate award of attorney’s
fees and costs incurred by appellants in relation to this case. 
 
                                                                           Mackey K. Hancock

                                                                                     Justice