

# NUMBER 13-25-00048-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**CHESTER POWELL,**         **Appellant,**

**v.**

**JIMMY CRUZ SANCHEZ,**         **Appellee.**

## ON APPEAL FROM THE 377TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina**

Appellant Chester Powell appeals the trial court's granting of appellee Jimmy Cruz Sanchez's motion to dismiss a Chapter 74 healthcare liability claim. Powell argues that the trial court abused its discretion by dismissing his claims against Cruz with prejudice rather than allowing him a thirty-day extension to amend. *See* TEX. CIV. PRAC. & REM.

CODE § 74.351 (providing expert report requirements in health care liability actions). We affirm.

## I.     BACKGROUND

On October 7, 2019, Powell filed suit against Cruz and five other healthcare providers and entities. Powell asserted that he was transported in an ambulance "manned by" Cruz from DeTar Hospital in Victoria to Methodist Hospital in San Antonio. During the transport, the oxygen supply ran out, and the ambulance diverted to the nearest hospital. Powell was admitted to the Intensive Care Unit, and he was placed on "veno-venous Extra Corporal Membrane Oxygenation" for eighty-two days and suffered from adult respiratory distress syndrome. Powell stated that he could not recover from this incident and remains on a portable oxygen ventilator. Powell alleged that Cruz's conduct was a proximate cause of his resulting injuries.

On September 26, 2023, the trial court granted summary judgment and dismissed Powell's claims against the other five defendants; only Cruz remained. Powell served Cruz with the expert report of John Bedolla, M.D. *See id.* § 74.351(a) ("In a health care liability claim . . . a claimant shall . . . serve on [a defendant health care provider] one or more expert reports, with a curriculum vitae [CV] of each expert listed in the report."). On September 17, 2024, Cruz objected to the expert report, asserting Dr. Bedolla based his expert report on the roles and duties of a paramedic, which Cruz is not. In his motion, Cruz stated that he is merely an EMT, and he explained the difference between the two roles. Cruz moved to dismiss contending the expert report did not constitute a "good faith" effort to comply with section 74.351 because Dr. Bedolla only addressed the standard of care, breach, roles and duties of a paramedic and failed to address the appropriate

2

standard of an EMT. *See id.* § 74.351(l) ("A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report . . . ."). Cruz attached an unsworn declaration to his objection maintaining the same grounds raised in his objection.

Powell responded stating that Cruz could not introduce "new evidence" that he is not a paramedic at this stage and must wait until the summary judgment stage to introduce his declaration or status as an EMT. According to Powell, the trial court must limit the query of the adequacy of the expert report to the four corners of the document itself. On January 10, 2025, the trial court granted Cruz's objection and motion to dismiss and dismissed Powell's claims against Cruz with prejudice. This appeal followed.

## II.    STANDARD OF REVIEW & APPLICABLE LAW

The Texas Civil Practice and Remedies Code provides that a plaintiff in a health care liability suit must serve the medical defendant with an expert report that complies with section 74.351 and is accompanied by the expert's CV. *See id.* § 74.351. If a plaintiff fails to do so within 120 days after the defendant's original answer is filed, then the trial court must dismiss the claim with prejudice on the defendant's motion. *Id.* § 74.351(a), (b)(2). The goal of the statute is "to deter frivolous lawsuits by requiring a claimant early in litigation to produce the opinion of a suitable expert that his claim has merit." *Columbia Valley Healthcare Sys., L.P. v. Zamarripa*, 526 S.W.3d 453, 460 (Tex. 2017) (citing *Scoresby v. Santillan*, 346 S.W.3d 546, 552 (Tex. 2011)); *see also Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 223 (Tex. 2018) (per curiam). The report must provide a fair summary of the expert's opinion regarding an applicable standard of care, the

3

manner in which the care rendered by the health care provider failed to meet the standard, and the causal relationship between that failure and the injury, harm, or damages claimed. TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6).

A defendant who believes the expert report is deficient must file and serve any objection to its sufficiency within twenty-one days after the report is served. *Id.* § 74.351(a). "A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report." *Id.* § 74.351(l), (r)(6); *Miller v. JSC Lake Highlands Operations, LP*, 536 S.W.3d 510, 513 (Tex. 2017) (per curiam) ("A trial court must sustain a challenge to a report's adequacy if the report does not represent an objective good faith effort to provide a fair summary of the applicable standard of care, the defendant's breach of that standard, and how that breach caused the patient's harm." (citation modified)). "A good-faith effort must 'provide enough information to fulfill two purposes: (1) it must inform the defendant of the specific conduct the plaintiff has called into question, and (2) it must provide a basis for the trial court to conclude that the claims have merit.'" *Miller*, 536 S.W.3d at 513 (quoting *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam)).

The expert report must implicate the defendant's conduct. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a); *Ogletree v. Matthews*, 262 S.W.3d 316, 322 (Tex. 2007). A report does not implicate a defendant's conduct merely because the provider is a named defendant in the lawsuit. *Sinha v. Thurston*, 373 S.W.3d 795, 800 (Tex. App.—Houston [14th Dist.] 2012, no pet.). "[A] defendant's conduct is implicated when an expert report is 'directed primarily' to care provided by the defendant, and the report informs the

4

defendant of specific conduct called into question and provides a basis for the trial court to determine that the claim has merit." *Beckwith v. White*, 285 S.W.3d 56, 62 (Tex. App.—Houston [1st Dist.] 2009, no pet) (citation omitted). We review a trial court's ruling on the sufficiency of an expert's report and on a motion to dismiss for an abuse of discretion. *Miller*, 536 S.W.3d at 512. "A trial court abuses its discretion if it rules without reference to guiding rules or principles." *Id.* at 512–513.

### III. EXPERT REPORT

Dr. Bedolla prefaced his expert report with the following: "Thank you for the opportunity to review this case. It is a case of negligence involving EMS transport by Mr. [Cruz], a paramedic with Sacred Heart EMS." The report then details a paramedic's duties and roles and further opines how Cruz failed to adhere to a paramedic's standard of care and how he breached that standard. Powell argues that the trial court abused its discretion in dismissing his case because it considered materials beyond the "four corners" of the expert report. According to Powell, this Court's own precedent prohibits the trial court's review to anything other than the four corners of Dr. Bedolla's expert report, and he relies on *Pisharodi* and *Zamora-Quezada* to support his position. *See Zamora-Quezada v. Mendoza*, No. 13-17-00302-CV, 2018 WL 1755877, at *5 (Tex. App.—Corpus Christi–Edinburg Apr. 12, 2018, pet. denied) (mem. op.); *Pisharodi v. Saldana*, No. 13-09-00552-CV, 2011 WL 319810, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 27, 2011, pet. denied) (mem. op.).

Cruz objected to the expert report arguing that Dr. Bedolla's expert report was deficient because it failed to identify a standard of care applicable to Cruz and failed to explain how Cruz failed to meet that care. Specifically, Cruz stated that Dr. Bedolla's

5

expert report belabors the roles and duties of a paramedic, which Cruz is not, and it stated that Cruz does not have the training to be a paramedic, does not perform a paramedic professional role, and therefore, Dr. Bedolla's report does not state an applicable standard of care.

Based on Cruz's objection, the trial court could have found that "that the report d[id] not represent an objective good faith effort to comply with the definition of an expert report" because Cruz is not a paramedic. TEX. CIV. PRAC. & REM. CODE § 74.351(l). However, even assuming that the trial court considered Cruz's unsworn declaration, as Powell suggests, we find that the trial court could have done so under the facts in this case, and we find *Pisharodi* and *Zamora-Quezada* distinguishable to the facts here. *See Zamora-Quezada*, 2018 WL 1755877, at *5; *Pisharodi*, 2011 WL 319810, at *3.

In *Pisharodi*, the appellant requested the trial court and this Court to conclude that the expert report was insufficient by reviewing the medical records relied upon by the expert. 2011 WL 319810, at *3. The appellant argued that a review of the medical records demonstrated that the facts or data upon which the expert relied on "are not true and do not exist." In other words, the appellant requested the trial court's review of the report's truth or falsity. *Id.* However, both the trial court and this Court declined to review any medical records when determining whether a good faith effort was made, and we stated that we could not review medical records beyond the four corners of the expert report to determine the adequacy of the report. *Id.* In *Zamora-Quezada*, the appellant challenged causation, urging the trial court and this Court to consider medical records and appellant's affidavit testimony. 2018 WL 1755877, at *5. This Court refused to consider the medical records and found no abuse of discretion where the trial court refused the same. 2018

6

WL 1755877, at *5.

In this case, Cruz did not request a review of medical records to determine the expert report's truth or falsity. Cruz repeatedly objected to the expert report stating that he is not—and has never been—a paramedic. "The trial court's role is not to determine the truth or falsity of the expert's opinion but to act as a gatekeeper." *Mettauer v. Noble*, 326 S.W.3d 685, 691 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Therefore, even if the trial court considered appellant's unsworn declaration, we find it was appropriate in its role as a gatekeeper and did not do so for the purpose of determining the expert report's truth or falsity. *See id.* Concluding otherwise would allow plaintiffs to file *any* medical report—despite its irrelevance to the provider's professional role or specialty— and would negate the purpose of Chapter 74's expert requirements, which requires an *applicable* standard of care. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a).

Dr. Bedolla's report only discusses the standard of care of a paramedic. *Compare* TEX. HEALTH & SAFETY CODE § 773.047 (providing that an EMT is "minimally proficient to perform emergency prehospital care that is necessary for basic life support and that includes cardiopulmonary resuscitation and the control of hemorrhaging") *with id.* § 773.049 (providing that a paramedic may "provide advanced life support that includes initiation under medical supervision of certain procedures, including intravenous therapy, endotracheal or esophageal intubation, electrical cardiac defibrillation or cardioversion, and drug therapy"). Nothing in the report states Dr. Bedolla is familiar with the roles of an EMT, and nowhere does Dr. Bedolla address the standard of care of an EMT. Consequently, it fails to state the standard of care as applied to Cruz. *See Tenet Hosp. Ltd. v. Love*, 347 S.W.3d 743, 753 (Tex. App.—El Paso 2011, no pet.) ("Without a

7

standard of care, a court cannot determine what the defendant should have done differently."); *Simonson v. Keppard*, 225 S.W.3d 868, 873–74 (Tex. App.—Dallas 2007, no pet.) ("Without familiarity with the protocols for Nurse Lehman, Dr. Thomas cannot know the standard of care applicable to Nurse Lehman."); *Shelton v. Sargent*, 144 S.W.3d 113, 125 (Tex. App.—Fort Worth 2004, pet. denied) (finding there was no indication the expert possessed experience in the field of radiology); *McIntyre v. Smith*, 24 S.W.3d 911, 914–15 (Tex. App.—Texarkana 2000, pet. denied) ("[T]he expert must explicitly state the standard of care and explain how the defendant's" acts met or failed to meet that standard."); *see also Jones v. Ark-La-Tex Visiting Nurses, Inc.*, 128 S.W.3d 393, 396–97 (Tex. App.—Texarkana 2004, no pet.) (finding the expert report failed to show that the physician expert had any familiarity with the standard of care for nurses monitoring a patient in a home healthcare setting); *Cox v. Vanguard Health Sys., Inc.*, No. 04–04–00762–CV, 2005 WL 2367582, at *5 (Tex. App.—San Antonio, Sep. 28, 2005, pet. denied) (mem op.) (holding an expert report inadequate because the expert gave no indication that he was familiar with the practice of a nurse in the emergency room).

We recognize that "even when a report is deemed not served because it is deficient, the trial court retains discretion to grant a thirty[-]day extension." *Ogletree*, 262 S.W.3d at 320–321. "Although the distinction between 'no report' and a deficient-but-potentially curable report can be elusive," we conclude that the expert report as to Cruz is "no report," as it does not address an applicable standard of care, such that a dismissal of the actions against him was required without an opportunity to cure the report. *See Bogar v. Esparza*, 257 S.W.3d 354, 368 (Tex. App.—Austin 2008, no pet.); *see also Aguilera v. Costilla*, No. 13-21-00135-CV, 2023 WL 2711129, at *6 (Tex. App.—Corpus

8

Christi–Edinburg Mar. 30, 2023, pet. denied) (mem. op.); *Valley Baptist Med. Ctr.- Brownsville v. Battles*, No. 13-14-00756-CV, 2015 WL 5579819, at *34 (Tex. App.— Corpus Christi–Edinburg June 25, 2015, no pet.) (mem. op.). Accordingly, the trial court did not abuse its discretion in granting Cruz's motion to dismiss with prejudice based on an inadequate report. We overrule Powell's issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
25th day of June, 2026.

9