# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00334-CV

**Chauncey Drewery, Appellant**

**v.**

**Adventist Health System/Texas, Inc.; Metroplex Health System d/b/a Metroplex Hospital; Barbara Wiedebusch, R.N.; Kristien Williams, R.N.; Betty S. Thorp, R.N.; and Warren Voegele, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT NO. 235,885-C, HONORABLE RICK MORRIS, JUDGE PRESIDING

## DISSENTING OPINION

On the facts of this case, I could agree with the majority that appellant Chauncey Drewery's claims, as alleged in his amended petition, are not health care liability claims subject to the expert-report requirement of chapter 74. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001(13), .351 (West 2011). The majority's conclusion, however, disregards the actual allegations contained in Drewery's original petition. It also ignores the thornier problem of whether a plaintiff, whose pleadings are subject to the requirements of chapter 74, may later amend those pleadings deleting unnecessary facts and legal conclusions after the deadline for filing an expert report has passed to avoid application of chapter 74.

I would conclude that Drewery's claims as alleged in his original petition—the only petition filed during the statutory deadline for filing an expert report—were in essence health care

liability claims, subject to dismissal for failure to serve an expert report. *See Harris Methodist Fort Worth v. Ollie*, No. 09-0025, slip op. at 2, 4-5 (Tex. May 13, 2011), *available at* http://www.supreme.courts.state.tx.us/historical/2011/may/090025.pdf (concluding patient's slip and fall claim against hospital in amended petition was health care liability claim and dismissing claim for failure to file expert report; patient amended petition to omit "medical malpractice claim" based upon same underlying facts as ordinary negligence claim); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005). I further would conclude that the claims in Drewery's amended petition were an improper attempt to recast his claims in order to avoid the expert-report requirement. *See Medical Hosp. of Buna Tex., Inc. v. Wheatley*, 287 S.W.3d 286, 290-92, 294 (Tex. App.—Beaumont 2009, pet. denied); *NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28, 32, 37 (Tex. App.—El Paso 2006, no pet.); *Jones v. Christus Health Ark-La-Tex*, 141 S.W.3d 790, 793-94 (Tex. App.—Texarkana 2004, no pet.) (recasting of pleadings after time for filing expert report does not operate to nullify requirement imposed by this statute to dismiss action).

The plain language of section 74.351 requires: (i) a claimant to serve an expert report within 120 days from the filing of the claimant's original petition to support health care liability claims and (ii) the trial court to dismiss the claims for the failure to do so. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351; Tex. Gov't Code Ann. § 311.016(2) (West 2005) ("shall" imposes duty); *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010) (words in statute are "given their ordinary meaning unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results"). Dismissal for failure to follow the mandates of section 74.351 is not discretionary. *See Wheatley*, 287 S.W.3d at 294; *see also Mokkala v. Mead*,

178 S.W.3d 66, 76 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (courts are "bound by the express provisions of statute" and it is "the province of the legislature—not this court—to provide for extensions or grace periods regarding [120 day] deadline"). Further, "[i]t is well settled that a health care liability claim cannot be recast as another cause of action to avoid the requirements of [chapter 74]." *Rubio*, 185 S.W.3d at 851; *see Wheatley*, 287 S.W.3d at 290-92, 294 (claims asserted in plaintiff's amended petition "for intentional, reckless and negligent bodily injury" and "failing to provide . . . adequate supervision" were dismissed as attempts to recast health care claims in prior pleadings). "This is true even where a plaintiff attempts to completely abandon its health care liability claims in favor of alternative claims." *Wheatley*, 287 S.W.3d at 291; *see Kidd*, 214 S.W.3d at 32, 37 (following motion to dismiss, plaintiff non-suited medical malpractice claims and amended petition to assert negligent hiring, gross negligence, sexual assault, sexual exploitation, and premises liability claims; court held that claims were in essence health care liability claims subject to dismissal).

In his original petition, Drewery's claims focus on the individual appellees' actions taken prior to and during surgery, and he claims damages based upon the individual appellees' duties and their roles as health care providers, their knowledge of risks based upon their medical or health care training, and "proper surgery practices/patient care." Specifically, Drewery complains that his fingernails and toenails were painted with pink polish, and that his feet were marked with a marker and his thumb taped. These intentional assaults, Drewery asserts, were committed by the appellees despite "the extreme degree of risk these actions created for a patient." Similarly, in regard to his

3

claim for intentional infliction of emotional distress, Drewery alleged that appellees were liable for their conduct in damages in part because

> these actions were taken either prior to or during a surgical procedure in which Plaintiff was given anesthesia. During this type of surgical procedure, it is imperative for the treating surgeons, nurses and staff conducting the procedure to be able to see the patient's fingernails and toenails (to determine if cyanosis is present), and with them covered in pink polish this was not possible. During the surgery, any number of serious or lethal events could have happened, but the surgeons, nurses and staff would have missed the indications because Plaintiff's nails were painted and in fact, post-surgery, Plaintiff did develop a surgical hemorrhage, which required emergency surgery to control the bleeding. Each and every assault committed prior to this second surgery, including the paint on the nails, the writing on the feet and the tape on the thumb created an extreme degree of risk for the Plaintiff during the second surgery. All Defendants had actual subjective awareness of the risks involved as each one was licensed or certified in their area of practice and was trained in proper surgery practices/patient care.

He further sought exemplary damages based upon appellees' "gross negligence." Then, when faced with a motion to dismiss pursuant to chapter 74, and after the time for filing an expert report had expired, Drewery amended. When he did so, Drewery maintained the same underlying claims of assault and intentional infliction of emotional distress, but deleted references to the health risks caused by the individual appellees, their departures from accepted standards of care, and their gross negligence. Drewery also provided argument as to why his claims were not, and were never intended to be, health care liability claims, yet the crux of his claims arises from the same underlying and singular factual scenario. *See Ollie*, slip op. at 2, 4-5.

Because I would conclude that Drewery alleged health care liability claims in the only petition that he filed during the statutory deadline for filing an expert report and then improperly attempted to recast those claims in his amended petition to avoid the expert-report requirement, I

4

would affirm the trial court's order dismissing Drewery's claims with prejudice.  Because the majority does not, I respectfully dissent.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed:   May 20, 2011